Sandra SZPRYCHEL and Sherry Lynn Szprychel by her Guardian Ad Litem and Next Friend, Sandra Szprychel, Petitioners-Appellants,

v.

Stanley SZPRYCHEL, Respondent-Appellee.

No. 3–681A142.

Court of Appeals of Indiana, Third District.

April 20, 1982.

Saul I. Ruman, Hammond, for petitioner-appellant Sandra Szprychel.

R. Cordell Funk, Smith, Funk & Foster, Hammond, for respondent-appellee.

HOFFMAN, Presiding Judge.

After approximately eight years of marriage Sandra and Stanley Szprychel applied to the Department of Public Welfare requesting adoption of a child. On May 24, 1978 Sherry Lynn was placed in their home for the statutory trial period.[1] On July 6, 1978 Stanley informed Sandra that he no longer loved her and he did not want the responsibility of Sherry Lynn. During the month of August, Stanley advised the Department of Public Welfare that he did not wish to adopt the child. Sandra filed an action for dissolution of marriage on August 25, 1978. The trial court dissolved the marriage on July 6, 1979 and ordered Stanley to pay $280 each two weeks for the support of Sherry Lynn, plus her medical expenses.

Stanley filed his motion to correct errors. While the motion to correct errors was pending before the trial court, Sandra filed a single parent petition for adoption on January 24, 1980 which was granted on March 17, 1980. Almost a year later, on March 9, 1981, the trial court granted Stanley's motion to correct errors vacating the portion of the dissolution decree which ordered support and visitation. It is the granting of the motion to correct errors which precipitated this appeal by Sandra. We are presented with the issue of whether or not the trial court erred in ruling that pursuant to the Dissolution of Marriage Act, Stanley was not obligated to pay support for Sherry Lynn.

The trial court based its decision on the precedent of *R. D. S. v. S. L. S.* (1980), Ind.App., 402 N.E.2d 30. In that case, this Court interpreted a section of the Dissolution of Marriage Act, IC 1971, 31–1–11.5–2 (Burns 1980 Repl.)[2] and found that:

"A child must be the child of both parties to the marriage to fall within the clear meaning of the statute. This is true whether the child is born or adopted during the marriage of the parties or born out of wedlock to such parties. In either circumstance it must be the child of both parties.

\* \* \* \* \* \*

"We believe this position not only expresses the provisions of the statute, but also the legislative intent."

402 N.E.2d at 34.

It is clear from the evidence presented that Sherry Lynn was neither born of the marriage nor adopted by both parties. In fact, Sandra filed a new application with the Department of Public Welfare and adopted Sherry Lynn as a single parent. Sherry Lynn was not the child of both parties and therefore, Stanley should not have been ordered to pay support.

The decision in *R. D. S.* is controlling of this situation and the trial court was correct in following its precedent. Therefore, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.

---

1. IC 1971, 31–3–1–3 (Burns Code Ed.).

2. IC 1971, 31–1–11.5–2(c). The term "child" means a child or children of both parties to the marriage and includes children born out of wedlock to such parties as well as children born or adopted during the marriage of such parties.