In re The Marriage of Vickie G. (Taylor) FRIAR, Appellant (Petitioner),

v.

Joel L. TAYLOR, Appellee (Respondent).

No. 18A02–8902–CV–040.

Court of Appeals of Indiana, Second District.

Nov. 2, 1989.

L. Ross Rowland, Lapin, Rowland & Doyle, Muncie, for appellant.

Donald H. Dunnuck, Dunnuck, Teagle & Hunt, Muncie, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Petitioner-appellant Vickie Friar (Vickie) appeals from the dissolution of her marriage to Joel Taylor (Joel), claiming the trial court erred when it granted custody of Vickie's two youngest children to Joel, claiming they were not children of the marriage within the meaning of Ind.Code IC 31–1–11.5–2(c) (1988).

We reverse.

## FACTS

The facts most favorable to the judgment reveal that the parties were married on February 5, 1970. Two children were born to the parties, and one died in 1981. The surviving child, Curtis, was born July 27, 1974. Joel underwent a vasectomy after Curtis was conceived. The vasectomy was checked one month after it was performed, and again a year later, and was found to have taken effect.

On April 28, 1981, Vickie gave birth to her first daughter. On December 17, 1983, Vickie gave birth to her second daughter. Vickie admitted she committed adultery, and admitted Joel was not the father of the children. Vickie claimed that Joel had agreed to her plan to become impregnated by a third party, but Joel vehemently denied that claim.

Vickie petitioned for dissolution on January 4, 1988, alleging all three children were children of the marriage. On January 15, 1988, Vickie was given provisional custody of the children and Joel was ordered to pay $80 per week in child support.

On April 18, 1988, Joel filed for a blood grouping test of the children and the parties. On August 3, 1988, Joel filed a motion for relief from the January 15th temporary support order, claiming he was not the father of the two youngest children, and submitted the results of the blood test which showed a 00.00 percent probability he was the father of the two youngest children. On August 4, Vickie amended her petition for dissolution to reflect only one child of the marriage. On August 29, a judge pro-tem granted Joel's motion for relief, and reduced Joel's child support obligation to $40 per week. At a hearing on Joel's motion, both parties agreed Joel was not the father of the two youngest children.

A final hearing was held on September 26, 1988, and Joel indicated at that time he was not seeking custody of his child, Curtis. The trial court issued its findings on September 28, and signed the decree of dissolution on October 14, 1988. In the decree, the trial court determined that all

three surviving children were "born of the marriage," and gave custody of all three to Joel. The court also divided the property, giving the marital residence to Joel and a lien on the residence to Vickie to the extent of her equity in the property.

### ISSUE

Vickie raises several issues. Because we reverse we only consider:

Whether the trial court erred when it awarded Joel custody of the two youngest children?

### DECISION

PARTIES' CONTENTIONS—Vickie argues that the two children were not children of the marriage under the statute, and therefore the trial court could not determine their custody. Joel responds that equitable considerations support the custody award and therefore the trial court's action was proper.

CONCLUSION—The trial court committed reversible error in granting custody of the two youngest children to Joel.

The statute defining the term "child" is a model of clarity for our purpose. It, IC 31-1-11.5-2(c), provides:

"The term 'child' means a child or children *of both parties to the marriage* and includes children born out of wedlock to the parties as well as children born or adopted during the marriage of the parties." (Emphasis supplied.)

We need no rule of construction to interpret such plain meaning. "Both" means both. To conclude otherwise is to mutilate the statute beyond recognition.

This statute, enacted in 1985, was interpreted by the Indiana Supreme Court in 1987. Speaking for a unanimous court in *State ex rel. McCarroll v. Marion County*

*Superior Court No. 1* (1987), Ind., 515 N.E.2d 1124, 1125, Justice Givan said:

"In the case at bar, Heather is not a child of both parties. She was not born out of wedlock to the parties nor had she been adopted by Kenneth at the time the respondent ordered custody to Virginia Brundage.

Therefore, we find that Heather is not 'a child' of the marriage of relator and Kenneth under Ind.Code §§ 31-1-11.5-2 and 31-1-11.5-7. Consequently, the respondent court exceeded its jurisdiction by ordering the custody of Heather to Virginia Brundage."

Thus they concluded that the term "child" referred only to a child *of both parties.*

In his motion for relief from the temporary support order, Joel asserted that the results of the blood tests ordered by the court revealed that there was a 00.00 percent probability that he was the biological father of the two youngest children. *Record* at 59–60. He testified that the blood tests conclusively determined he was not the biological father of the two youngest children, *record* at 166, and he concedes on appeal that he is not the biological father of the two youngest children. *Appellee's Brief* at 9.[1] The trial court could not award Joel custody of the two youngest children under these circumstances.

Joel argues that the equitable doctrines discussed in *R.D.S. v. S.L.S.* (1980), Ind. App., 402 N.E.2d 30 (Buchanan, J. dissenting), give the trial court the authority to award custody to him. While Joel makes a compelling argument that the burden of *supporting* the children should be imposed upon him, we cannot conclude these equitable doctrines extend the jurisdiction of the trial court and allow it to determine the custody of the two youngest children.

His argument is that because he assumed the position of *in loco parentis* the

1. Ind.Code 31-6-6.1-8 (1988) provides, in pertinent part:

"(a) Upon the motion of any party, the court shall order all the parties to the action to undergo blood testing. The tests shall be performed by a qualified expert approved by the court.

(b) The results of the tests, together with the finding of the expert constitute conclusive evidence if the results and finding exclude a party as the biological father of the child. The results and finding are admissible in all paternity proceedings, unless the court excludes the results for finding for good cause. . . ."

trial court could award him custody. That doctrine, however, was developed to impose the obligation of support upon a man who intends to continue his relationship with children with whom he has assumed a parental status. The supreme court, in *McCarroll*, in effect determined that the trial court in a dissolution proceeding lacks the *jurisdiction* to determine the custody of children who are not children of *both* parties.

Lastly, we must consider Vickie's contention as to the property division. In this regard there is IC 31–1–11.5–11(c)(3) (1988):

"The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding *the family residence* or the right to dwell in that residence for such periods as the court may deem just *to the spouse having custody of any children.*" (Emphasis supplied.)

The trial court in awarding custody of all of the children to Joel also gave him the family residence. In view of this error the whole property division question should be redetermined.

The trial court's judgment is reversed and this cause is remanded for further proceedings consistent herewith.

CONOVER, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

Without retreating from the position taken in *Fairrow v. Fairrow*, (1989) 2d Dist. Ind.App., 543 N.E.2d 649, I concur. Joel's attempt to validate the court's award of custody is made with regard to the dissolution decree itself. It does not concern, as did *Fairrow*, a duty or obligation of support created separate and apart from biological parenthood and/or the matter of physical custody. *See also R.D.S. v. S.L.S.* (1980) 2d Dist.Ind.App., 402 N.E.2d 30.