STATE of Indiana, ex rel. Patricia N. McCARROLL, Relator,

v.

The MARION COUNTY SUPERIOR COURT NO. 1 and the Honorable Anthony J. Metz III, as Judge Thereof, Respondents.

No. 49S00–8707–OR–713.

Supreme Court of Indiana.

Dec. 9, 1987.

William E. Marsh, Legal Services Organization of Indiana, Inc., Indianapolis, for relator.

Patrick R. Taylor, Taylor Law Office, Indianapolis, for respondents.

GIVAN, Justice.

On July 28, 1987, this Court issued an Alternative Writ of Mandamus and Prohibition against respondents. The writ compelled respondents to vacate any and all orders relating to the custody of Heather R. Brundage and thereafter refrain from exercising jurisdiction over her custody. Pursuant to Ind.R.O.A. 5(A), respondents filed a return contesting the writ. We hereby order the writ be made permanent.

Relator had a child, Heather Brundage, prior to her marriage to Kenneth McCarroll. On June 29, 1987, a petition for the dissolution of their marriage was filed in respondent court. Kenneth states that he has begun proceedings to adopt Heather, which are pending.

On June 29, 1987, Kenneth filed a petition for *ex parte* preliminary relief in the dissolution action requesting that the custody of Heather be with the maternal grandmother, Virginia Brundage, and that he be granted visitation rights. In his petition he alleged that the child is in danger because of the mother's erratic behavior and neglect of the child.

Respondent court granted temporary custody to Virginia. Relator filed a motion to vacate its order granting the temporary custody, stating that the child is not neglected nor in danger. She also filed a motion to dismiss the petition for *ex parte* preliminary relief, alleging that respondent lacked jurisdiction to grant the relief requested.

In her petition for writ of mandamus and prohibition, relator argues that respondent wrongfully exercised jurisdiction over the custody matter under Ind.Code § 31–1–11.5–7. The statute states that a court in a dissolution matter has jurisdiction to determine the "temporary support or custody of a child of the marriage entitled to support...." Because Heather was brought into the marriage by relator and was not a child of Kenneth by adoption or blood, relator asserts that the lower court wrongfully exercised jurisdiction over the custody of her child.

Further, relator asserts that Kenneth is alleging her to be unfit and Heather to be

neglected and in danger, thus is alleging that Heather is a child in need of services. Ind.Code § 31–6–4–3(a). In such a case, jurisdiction would lie exclusively in the juvenile court.

Relator requests this Court to order respondent to vacate all orders and refrain from exercising further jurisdiction concerning the custody of Heather.

Whether the respondent court had jurisdiction to determine the custody of Heather is contingent upon whether Heather is a child of the marriage of relator and Kenneth under Ind.Code § 31–1–11.5–7. Section 2(c) of that chapter defines "child" as "a child or children of both parties to the marriage and includes children born out of wedlock to such parties as well as children born or adopted during the marriage of such parties." Ind.Code § 31–1–11.5–2(c).

No Indiana cases exist which interpret this statute in the context of a custody dispute between a natural mother and a stepfather. However, the interpretation of "a child" of the marriage has been made in the context of cases in which the husband contests his obligation to make child support payments. In *Szprychel v. Szprychel* (1982), Ind.App., 433 N.E.2d 866, a petition for dissolution of marriage between Sandra and Stanley was filed while adoption proceedings of Sherry Lynn were pending. The marriage was dissolved and Sandra's single parent petition for adoption was granted. In determining whether Stanley should be ordered to pay support, the court, based on a decision in *R.D.S. v. S.L.S.*, (1980), Ind.App., 402 N.E.2d 30, 34, held that:

> " 'A child must be the child of both parties to fall within the clear meaning of the statute. This is true whether the child is born or adopted during the marriage of the parties or born out of wedlock to such parties. In either circumstance, it must be the child of both parties.
>
> \* \* \* \* \* \*
>
> [T]his position not only expresses the provision of the statute, but also the legislative intent.' " *Szprychel, supra* at 867.

The court concluded that it was clear from the evidence that Sherry Lynn was neither born of the marriage nor adopted by both parties, thus Stanley should not have the obligation of child support payments.

In the case at bar, Heather is not a child of both parties. She was not born out of wedlock to the parties nor had she been adopted by Kenneth at the time the respondent ordered custody to Virginia Brundage.

Therefore, we find that Heather is not "a child" of the marriage of relator and Kenneth under Ind.Code §§ 31–1–11.5–2 and 31–1–11.5–7. Consequently, the respondent court exceeded its jurisdiction by ordering the custody of Heather to Virginia Brundage.

The alternative writ previously issued in this case is hereby made permanent.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.