John BEHME, Appellant
(Respondent Below),

v.

Rebecca BEHME, Appellee
(Petitioner Below).

No. 82A01–8706–CV–00136.

Court of Appeals of Indiana,
First District.

Feb. 24, 1988.

Rehearing Denied May 19, 1988.

William C. Welborn, Welborn Law Offices, Evansville, for appellant.

Terry Noffsinger, Noffsinger, Deig & Behrens, Evansville, for appellee.

ROBERTSON, Judge.

John Behme appeals the trial court's ruling modifying his divorce decree and fixing the value of Behme's lien on real estate awarded to his former wife, Rebecca. Rebecca sought, among other things, an order increasing child support for the parties' two minor children and requiring Behme to pay the remainder of the daughter Cathy's college tuition and educational expenses. The wife also sought a determination by the court of the amount of the lien and permission to withhold from the husband's lien, as reimbursement, costs incurred by her in obtaining medical care for the three children, high school educational expenses, increased child support retroactive to the date of the petition, child support arrearages, and attorney's fees.

The trial court denied Rebecca's petition to withhold payment of the lien, which was due and payable on the date of her remarriage, but reduced the amount of the lien by various amounts owed by Behme. In addition, the trial court ordered Behme to pay future college expenses for his daughter Cathy and determined the net amount of the lien.

█  Behme raises at least nine errors in this appeal. We agree with Rebecca that Behme's failure to adequately present many of these errors to the trial court in his motion to correct error and to comply with the dictates of Ind.Rules of Procedure, Trial Rule 59(D) and Appellate Rule 8.3(A)(7) acts as a waiver of those issues.[1]

---

1. Behme argues in his reply brief that Rebecca has waived the right to raise defects in Behme's motion to correct error by the filing of a petition for an extension of time. Both A.R. 14(B) and its predecessor, Supreme Court Rule 2–16, have required a petitioner seeking an extension of time to affirm in her petition that the briefs will be on the merits and that all motions to dismiss and dilatory motions have been filed. Thus, the rule is long-standing that an appellee may not contravene her affidavit and assert technical or procedural errors following a grant of an extension of time. *See e.g., Maxwell v. Hahn* (1987), Ind.App., 508 N.E.2d 555, 558; *Clyde E. Williams & Assoc., Inc. v. Boatman* (1978); 176 Ind.App. 430, 375 N.E.2d 1138, 1140, *trans. denied; Gamble v. Lewis* (1949), 227 Ind. 455, 85 N.E.2d 629.

We have not discovered any decision in our review of this line of cases in which our courts have applied this rule to defects in the motion to correct error although we have found two decisions in which this court has declined to do so. *See Chuck Callahan Ford, Inc. v. Watson* (1983),

Restated then, we find the following issues remaining in this appeal:

(1) Whether the trial court lacked subject matter jurisdiction to determine the amount of interest owed to Behme on his lien;

(2) Whether the trial court lacked subject matter jurisdiction to render a support order requiring Behme to pay college expenses for his daughter Cathy;

(3) Whether the trial court erroneously interpreted the decree when it determined that interest accrued on the lien from March 26, 1986 through April 26, 1986; and,

(4) Whether the trial court erroneously interpreted the decree when it determined the principal amount of Behme's lien.

We will address the question of waiver before considering the other issues. Issues one and two will be treated together.

## I.

■ The purpose of T.R. 59(D) which governs the motion to correct error is to allow the trial court the first opportunity to determine or remedy the alleged error. T.R. 59(D) provides that allegations of er-

Ind.App., 443 N.E.2d 79, 80, n. 1, *trans. denied* and *Hudson v. Tyson* (1980), Ind.App., 404 N.E. 2d 636, 639, *trans. denied.* More importantly, the motion to correct error is not, in our view, a mere technicality or formality but a highly functional part of the appellate process. *Macken v. City of Evansville* (1977), 173 Ind.App. 60, 362 N.E.2d 202, 204. This court has in the past referred to deficiencies in the motion to correct error as jurisdictional. *See City of Gary v. Archer* (1973), 157 Ind.App. 477, 300 N.E.2d 687, 688, *trans. denied.* On this basis, we conclude that an appellee is not precluded from arguing that an appellant's motion to correct error is deficient because she has requested an extension of time within which to file her brief.

2. In addition to the allegations of error stated, Behme argues that some of the arguments raised for the first time in his brief have been preserved by the allegations of error which follow. Our courts have repeatedly held that bald, general assertions of error, such as these, do not meet the requirements of our trial rules. *See, Young v. Duckworth, supra* and *Finch v. State,* (1975), 264 Ind. 48, 338 N.E.2d 629 (allegation that verdict was contrary to the evidence does not preserve error.) Moreover, assertions of error must be accompanied by statements of the

ror be separately and specifically stated and that *each* alleged error be accompanied by a statement of facts and grounds. T.R. 59(D)'s requirement of specificity applies to both the statement of error and the facts and grounds in support of the claimed error; not only must the alleged error be specifically set out, but the facts and grounds in support of the claimed error must be discussed with enough particularity that the trial court may be made aware of the exact legal issue involved. Failure to comply with the specificity requirements of T.R. 59(D) subjects an alleged error to waiver on appeal. *See Young v. Duckworth* (1979), 271 Ind. 554, 394 N.E.2d 123, *cert. denied* 445 U.S. 906, 100 S.Ct. 1084, 63 L.Ed.2d 323; *Guardiola v. State* (1978), 268 Ind. 404, 375 N.E.2d 1105, 1106–1107; *Rogers v. Rogers* (1982), Ind.App., 437 N.E. 2d 92, 95.

■ We deem these allegations of error raised in this appeal waived for the following reasons:[2]

(1) the trial court abused its discretion in ordering Behme to pay his daughter Cathy's college expenses because the mother produced no evidence regard-

facts and grounds upon which the errors are based. The following assertions are too general to preserve any of Behme's alleged errors:

Each portion of such decision in which the court has discretion represents an abuse of discretion;

The relief granted to the Petitioner–Mother is excessive and an abuse of discretion: no evidence, and no implication from the evidence justified the granting of a three hundred percent increase in base child support plus the payment of educational expenses by the Respondent–Father;

The ordered increases in base child support plus the order for the payment of educational expenses is purely punitive, not an order based on the law or the evidence before the court;

The decision is not supported by sufficient evidence and is contrary to the evidence;

Said decision viewed overall, constitutes an impermissible and improper punishment of the Respondent–Father for wrongs apparently perceived by the court to exist (but not shown by any evidence to have been committed) rather than a permissible and proper resolution of the issues extant between the parties based on the evidence.

ing Cathy's aptitude or ability to pursue a college education;

Behme alleges in his motion to correct error that there was no showing of the *mother's* need for and of the *father's* ability to pay increased child support and college expenses. This allegation of error does not address the daughter's abilities or aptitude. An alleged error must be first specifically presented to the trial court; claims or arguments presented for the first time in an appellant's brief are not properly before the court on appeal. *Guardiola, supra; Rogers, supra.*

Behme also alleges in his motion to correct error that the trial court failed to consider the factors enumerated in IND. CODE 31–1–11.5–12. Errors should not be hidden in generality to be later specifically raised on appeal. *Guardiola, supra.* The claimed error must be discussed with enough particularity to apprise the court of the precise legal issue involved. *Ind. Dept. of Public Welfare v. Rynard* (1980), Ind. App., 403 N.E.2d 1110, 1113, *affirmed*, 275 Ind. 212, 472 N.E.2d 888. Behme's allegation of error does not specify which factor the trial court failed to consider, in what way the evidence was insufficient or even which aspect of the support order was at issue. A statement of facts and grounds in support of the allegation as required by the rule would have notified the court of the exact question at issue.

(2) the trial court erred in deducting $1400 from Behme's lien for Cathy's 1986–87 college tuition because there was no evidence Rebecca expended any sums toward tuition for that period and because the evidence showed the actual net tuition cost to be $260 per semester, not $700;

Behme alleges in his motion to correct error that the trial court's decision provides the mother with double reimbursement for one semester of Cathy's schooling and erroneously awards the mother $700 for tuition when the undisputed evidence showed the actual amount of tuition to be $607.10.

Obviously, Behme is offering new arguments in his brief. Arguments or claims of error not presented to the trial court are

deemed waived on appeal. *See Rogers, supra.*

(3) the trial court erred in allowing the mother a $150.00 set-off for Cathy's future book expenses because the trial court had already ordered reimbursement of book expenses incurred during the first semester of 1986–87, the evidence does not show the mother expended any more than the amount ordered for the first semester, and the $150.00 amount offered was only an estimate of a future expense.

Again, none of the allegations of error asserted by Behme indicate that Behme was taking issue with the court's ruling on book expenses or with the sufficiency of the evidence for the court's award of an offset.

(4) the evidence was insufficient to support a deduction from the lien for Angela's high school tuition and educational expenses;

Behme points to allegations of error respecting *Cathy's college* expenses. These allegations do not give the trial court reason to consider the support order as it applied to *high school* educational expenses incurred by *Angela,* the parties' youngest daughter.

■ An appellant must also comply with A.R. 8.3(A)(7) when he presents alleged errors to this court. At a minimum, A.R. 8.3(A)(7) places upon the appellant the duty to direct our attention to the standards or rules to be applied in determining the issues presented, and to substantiate his claims with facts. Two sections of Behme's brief contain arguments which do not substantially comply with this rule. Behme argues the trial court's order when considered as a whole is punitive, confiscatory and an abuse of discretion because some of the amounts awarded to the mother were not specifically requested, were not supported by the evidence and thus could be explained only by partiality toward the mother. He also claims the award of attorney's fees was improper and an abuse of discretion because "a great deal of the bill" was incurred in resisting the father's demand that the lien be paid and there was

no showing by the mother that she could not afford the fees herself. Appellant has not provided us with appositive authority and cogent argument on these issues; neither has he directed us to the facts in the record which support his assertions. Again, our rules require more than broad, conclusory, unsupported assertions.

## II.

Behme contends the trial court lacked jurisdiction to determine the amount of interest owed Behme on the lien because the question of when the interest began to accrue was never an issue between the parties. Rebecca asked the trial court to determine the amount of the lien in her pleadings. At trial, she offered an exhibit in which she calculated interest from the date the property was appraised. Apparently, Behme concurred in Rebecca's assessment of the amount of interest due though he did not offer to stipulate at trial or indicate his agreement with the figure in any other way. Now, Behme argues the trial court was bound by Rebecca's interpretation of the decree and any judgment based upon an interpretation contrary to that agreed upon by the parties was void because there was no controversy. Behme did not address his assertion that the trial court lacked jurisdiction in his motion to correct error but characterizes his argument as one addressing a want of subject matter jurisdiction which may be raised at any time.

■ Subject matter jurisdiction refers only to the power of a court to hear and decide a particular class of cases, *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99, 101, while jurisdiction of the particular case refers to the right, authority and power to hear and determine a *specific* case within that class of cases over which a court has subject matter jurisdiction. *City of Marion v. Antrobus* (1983), Ind.App., 448 N.E.2d 325, 329, *trans. denied.* As Behme asserts, a judgment rendered by a court lacking subject matter jurisdiction is void and may be attacked at any time. *Chemco Transport, Inc. v. Conn* (1987), Ind.App., 506 N.E.2d 1111, 1114, *trans. pending; In Re Chapman* (1984), Ind.App., 466 N.E.2d 777, *trans. denied.* However, a judgment rendered by a court without jurisdiction of the particular case is not void and objections to the court's exercise of jurisdiction will be waived if not made in a proper and timely fashion. *Conn, supra.*

■ In determining whether any court has subject matter jurisdiction the only relevant inquiry is whether the kind of claim which the plaintiff advances falls within the general scope of authority conferred upon such court by the Constitution or by statute. *Id.* This determination uniformly entails an examination of the jurisdictional grant and does not, in the ordinary case, turn upon technical intricacies of pleading. *Id.*

> As Dean Gavit cogently expressed the concept ... [t]he trial courts of this state have general jurisdiction to try any case presented whether the case is presented in conformity to the pleadings or at variance with them. ...

*State ex rel Young, id.* 332 N.E.2d at 101, n. 2 citing 1 B. Gavit, *Ind. Pleading and Practice* 742 (2d ed. 1950). It follows then that if a court of general jurisdiction has the jurisdiction to entertain a particular issue, it has the jurisdiction to decide the issue on the merits. *In the Matter of P.S. by Harbin v. W.S. & P.S.* (1983), Ind., 452 N.E.2d 969, 976.

■ There is no question in our minds the trial court had subject matter jurisdiction to consider the issues raised by Rebecca's petition. The Vanderburgh Superior Court has the power to act in divorce actions pursuant to I.C. 33–5–43–4 and I.C. 33–4–4–3. The statutory grant of jurisdiction to dissolve a marriage implies the necessary and usual powers essential to effectuate that dissolution, *Kemp v. Kemp* (1985), Ind.App., 485 N.E.2d 663, 665, including the power to interpret the court's own decree. *See Wilson v. Wilson* (1976), 169 Ind.App. 530, 349 N.E.2d 277. We conclude, therefore, that having failed to preserve the allegation that the court lacked jurisdiction to determine when interest began to accrue by proper specification

in his Motion to Correct Error, Behme has waived it on appeal.

■ For the same reasons, we conclude that Behme has waived the question whether the trial court exceeded its statutory authority in ordering Behme to pay college expenses for the parties' oldest daughter, who had attained the age of 21 before modification proceedings were initiated. Again, Behme is not arguing that the trial court lacked the power to act in the class of cases as a whole. Thus, even assuming merit in his contention that the trial court exceeded its statutory authority, his objection was waived because it was not presented first to the trial court in the motion to correct error.[3]

### III.

Behme argues the trial court erroneously interpreted the divorce decree when it determined that the lien earned interest only from March 26, 1986 through April 26, 1986.

The record indicates that pursuant to I.C. 31-1-11.5-11, the trial court approved the parties' agreement with respect to the disposition of certain marital property, including the parties' home. The decree provides

> that the home ... is to be titled in the name of the Petitioner–Wife, subject to a lien in favor of the Respondent–Husband equal to one-half (½) of the equity.... The Respondent–Husband's lien shall earn interest at the rate of six percent (6%) per annum, but said interest shall not be payable until the Respondent–Husband's lien comes due and said lien shall be payable upon the happening of the first (1st) of the following events:
> A. The remarriage of the Petitioner–Wife;
> B. Abandonment of the property by the Petitioner–Wife;

> C. The youngest child of the parties attaining the age of twenty-one (21) or becoming emancipated; or
> D. The living together of the Petitioner–Wife with a person of the opposite sex other than a member of the Petitioner–Wife's family....

The record does not disclose an evidentiary basis for concluding that the lien began to bear interest on March 26, 1986. Rebecca was remarried on April 26, 1986. She filed her petition to withhold payment on April 21, 1986. At that time, none of the other conditions set forth in the decree had been met. Consequently, we cannot discern from a review of the record why the trial court attached significance to the March 26, 1986 date. We must therefore remand to the trial court for a recalculation of interest.

### IV.

■ Finally, Behme argues that the trial court erred in deducting the parties' second mortgage from the appraised value of the marital home in determining the amount of Behme's lien. The decree provides that Behme is entitled to a lien against the real estate awarded to the wife "equal to one-half (½) the equity" and prescribes the method for calculating the amount of equity in the property in a later paragraph:

> [t]he appraised value, less the liens against the property at Old National Bank and Thrift, Inc., shall be used to determine the equity of the residence as of the date the appraisal is received.

Behme claims that the decree is ambiguous as it relates to the determination of the amount of lien because the decree also provides, in the paragraph awarding him one-half of the equity, that the wife is to pay the second mortgage at Thrift, Inc. and to hold Behme harmless. He argues that by deducting the second mortgage from

---

**3.** Additionally, we note that, to the extent the trial court exceeded its authority in ordering reimbursements or offsets from the husband's lien, i.e. it modified an order finally settling the parties' interests in property, the trial court was deprived of jurisdiction over the particular case, not of the subject matter. The expiration of the time during which the court can amend a judgment does not deprive the court of its power to act in all divorce cases but only its power to act in the particular case. *Farley v. Farley* (1973), 157 Ind.App. 385, 300 N.E.2d 375, 381–383, *trans. denied.*

the appraised value, the trial court is ordering him to bear one-half of the debt and he is not being held harmless.

The decree explicitly provides, by a paragraph dedicated to the purpose of establishing the method of calculation, that the mortgage is to be deducted in calculating the amount of equity in the home. It is not ambiguous or susceptible of more than one reasonable interpretation. *See, In Re The Marriage of Buntin* (1986), Ind.App., 496 N.E.2d 1351, 1353, *trans. denied.* When a contract is unambiguous, the intent of the parties to the contract should be determined by the language employed in the document. *In Re Marriage of Bradley* (1982), Ind.App., 433 N.E.2d 54, 55. The language of the decree evidences the parties' intent to split the equity which existed in the property *on the date the appraisal was received.* This is exactly what the trial court ordered. Accordingly, there was no error.

Judgment affirmed except for the trial court's award of interest on the husband's lien. Award of interest reversed, and cause remanded to the trial court for redetermination of the amount of interest.

RATLIFF, C.J., and STATON, J., concur.