**STATE of Indiana ex rel. HIGHT, Relator,**

v.

**The MARION SUPERIOR COURT and the Honorable Betty Barteau, Respondents.**

No. 49S00–8907–OR–591.

Supreme Court of Indiana.

Dec. 13, 1989.

Molly P. Rucker and Michael Cheerva, Rucker & Cheerva, Indianapolis, for relator.

John D. Boren, Boren & Oliver, Martinsville, for respondents.

DICKSON, Justice.

In this original action, the relator, Nancy Hight, petitions this Court to issue a writ prohibiting respondent Marion Superior Court from further proceedings upon the petitions for contempt and modification of visitation filed by her ex-husband, Mark Hight. Nancy alleges that the trial court lacks subject matter jurisdiction because Mark is not the biological father of the child. We deny the writ and, pursuant to Original Action Rule 5(C), issue this opinion.

On February 10, 1984, Nancy filed for dissolution of the parties' two-year marriage. On November 15, 1984, the trial court entered a decree of dissolution which provided in part:

4. That the parties agree that [Mark Hight] was not the biological father of the child but also agree that [Mark Hight] acknowledged the child by:

(1) marrying [Nancy Hight] with full knowledge that she was pregnant

(2) allowing his name to be placed on the birth certificate of said child as the father

(3) openly stating to people "This is my son."

(4) supporting the child for two (2) years prior to the filing of this dissolution.

The decree established Mark's obligation to provide child support and provided visitation rights for Mark and the child. Neither party appealed this order. Beginning *pendente lite*, Nancy had sought enforcement

of support orders through contempt and garnishment proceedings.

On March 3, 1989, Mark filed petitions for modification of visitation and for order to appear and show cause, alleging that Nancy had wrongly denied him visitation with the child. Nancy responded on April 24, 1989, with a motion to dismiss alleging that the trial court lacked subject matter jurisdiction over the case. On July 12, 1989, the trial court denied Nancy's motion and set Mark's petitions for hearing. Nancy now seeks to prohibit the trial court from exercising jurisdiction in any matters relating to the minor child.

Nancy asserts that the trial court lacks subject matter jurisdiction because the child was not a child of both parties to the marriage as required by statute for the entry of a visitation or child support order. The decree, she claims, is thus a void judgment regarding its child support and visitation orders. For support, she cites *R.D.S. v. S.L.S.* (1980), Ind.App., 402 N.E.2d 30, and *State ex rel. McCarroll v. Marion Superior Court No. One* (1987), Ind., 515 N.E.2d 1124.

 In *R.D.S.*, the Court of Appeals held that a child must be a child of both parties to the marriage to come within the definition of "child" in Ind.Code § 31-1-11.5-2(c) and to furnish the basis for child support. *R.D.S.*, 402 N.E.2d at 34.[1] As a consequence, the *R.D.S.* court rejected as a basis for imposing child support the husband's acknowledgement or equitable adoption of a child he did not father. *Id.* In the present case, the trial court order regarding child support and visitation, based on Mark's acknowledgment of the child who he did not father, would have been subject to attack as exceeding the authority granted by the statutes.

Relying on *R.D.S.*, this Court, in *State ex rel. McCarroll,* made permanent an alternative writ previously issued prohibiting the dissolution court from exercising jurisdiction over the custody of a child because

the husband was not a parent of the child born prior to the marriage. *State ex rel. McCarroll,* 515 N.E.2d at 1125. Nancy urges that *State ex rel. McCarroll* recognizes a trial court's lack of subject matter jurisdiction to order child support and visitation where the child is not a child of both parties to the marriage.

 Subject matter jurisdiction refers to the power to hear and determine a general class or kind of case. *Board of Trustees of Town (Now City) of New Haven v. City of Fort Wayne* (1978), 268 Ind. 415, 375 N.E.2d 1112; *Behme v. Behme* (1988), Ind.App., 519 N.E.2d 578. The absence of subject matter jurisdiction, an issue not subject to waiver, renders a judgment void and open to collateral attack. *Mann v. Mann* (1988), Ind.App., 528 N.E.2d 821, 822. The parties by consent or agreement cannot confer subject matter jurisdiction on a court. *Twyman v. State* (1984), Ind., 459 N.E.2d 705.

> [I]f a tribunal possesses the power to determine cases of the general class to which the particular case belongs, it possesses subject matter jurisdiction to consider the particular case, absent specific and timely objections to the jurisdiction of such particular case.... A judgment of a court without jurisdiction of the particular case within the [general] class is not a void judgment. Such jurisdiction can be waived and must be attacked by proper and timely motion.

*City of Fort Wayne,* 268 Ind. at 423, 375 N.E.2d at 1117. *Accord Mann,* 528 N.E.2d at 822; *Behme,* 519 N.E.2d at 582-83.

 The issue of subject matter jurisdiction may be resolved by determining whether the claim involved falls within the general scope of authority conferred on a court by the Indiana Constitution or by statute. *Behme,* 519 N.E.2d at 582. "It does not depend upon the regularity of the proceedings or the correctness of the decision." *Matter of Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 780.

---

1. Ind.Code § 31-1-11.5-2(c) states:
 The term "child" means a child or children of both parties to the marriage and includes children born out of wedlock to the parties as well as children born or adopted during the marriage of the parties.

Ind.Code § 31–1–11.5–3(a) and (b) empower a trial court to hear causes of action for dissolution and for child support. Within this grant of subject matter jurisdiction is the power to determine child support (§ 31–1–11.5–12), child custody (§ 31–1–11.5–20), and visitation (§ 31–1–11.5–24). By filing the dissolution action, Nancy engaged the trial court's subject matter jurisdiction to hear dissolution cases, which includes the authority to decide issues of child custody, support, and visitation. In entering a decree which provided for child support and visitation, the trial court's action may have been contrary to the evidence, but such error does not reflect the absence of subject matter jurisdiction. The dissolution decree is not a void judgment. Nancy was required to timely challenge any erroneous exercise of authority by the trial court, and her failure to do so waives the issue.

This determination is not inconsistent with *State ex rel. McCarroll* because the complaining party there timely challenged the trial court's improper exercise of judicial authority over a child not born to the parties of the marriage.

Relator Nancy Hight's petition for writ of mandamus and prohibition is denied. This cause is remanded to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN and PIVARNIK, JJ., dissent without opinion.