**Bonnie WILLIAMS, Appellant (Respondent Below),**

v.

**Charles WILLIAMS, Appellee (Petitioner Below).**

No. 55S01–9006–CV–384.

Supreme Court of Indiana.

June 7, 1990.

Daniel W. Bradford, Indianapolis, for appellant.

Stephen A. Oliver, Boren & Oliver, Martinsville, for appellee.

DICKSON, Justice.

Bonnie Williams initiated an appeal challenging a child custody order of the Morgan Circuit Court. In a memorandum opinion the Court of Appeals reversed the trial court, finding that it lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), Ind.Code § 31–1–11.6–1 to 24.

Bonnie Williams and Charles Williams were married in 1974 in Illinois where they resided until 1982 when Charles moved to Indiana. Their daughter Erma was born August 25, 1974, and their son Ira was born October 24, 1980. In September, 1987, Erma joined her father in Indiana by mutual consent of the parties, but without any judicial determination of custody. Ira continued to reside with Bonnie in Illinois. On September 11, 1987,

Charles filed a petition for dissolution in Marion County, Indiana, seeking the custody of Erma and asking that Bonnie be granted custody of Ira. The cause was venued to Morgan Circuit Court which dissolved the marriage on December 18, 1987, following an uncontested hearing limited by agreement to the issue of dissolution. The decree made no findings regarding the custody of either child. On February 2, 1988, Bonnie filed a request for further hearing to adjudicate unresolved issues of the dissolution. The hearing was held on November 2, 1988, at which time the court inquired whether there was any dispute as to its jurisdiction to issue further orders on issues of custody, support, visitation and property settlement. Counsel for the wife responded "we agree to the jurisdiction of the court," and the trial court expressly noted that the parties had consented to its jurisdiction to enter an order regarding child custody and support. Thereafter both parties presented evidence at the hearing, and the trial court entered an order determining the distribution of property and granted custody of both children to Charles. At all times until after the entry of this order, Bonnie and Ira continued to reside in Illinois.

In reversing the trial court, the Court of Appeals held that the parties could not consent to the Indiana trial court's jurisdiction to determine child custody, and that because Ira's home state as of November 2, 1988, was Illinois, Indiana lacked jurisdiction under the Uniform Child Custody Jurisdiction Act. Charles has petitioned for transfer.

We grant transfer because we disagree with the Court of Appeals regarding whether Bonnie, in seeking a custody determination in the Indiana courts and by expressly consenting to the exercise of such authority, waived her claim that the Indiana trial court lacked subject matter jurisdiction.

In concluding that the trial court could not have exercised authority in this child custody proceeding, the Court of Appeals relied primarily on *Campbell v. Campbell* (1979), 180 Ind.App. 351, 388 N.E.2d 607, and *Clark v. Clark* (1980), Ind.App., 404 N.E.2d 23. Although not among the issues presented, the *Campbell* court in *dicta* opined that the authority to determine child custody under the Act is a matter of subject matter jurisdiction rather than jurisdiction over the particular case, which may be waived. *Campbell*, 388 N.E.2d at 608–609. In *Clark*, the reviewing court assumed without discussion that the authority to determine child custody issues was equivalent to subject matter jurisdiction, which it correctly noted cannot be conferred by consent of the parties. *Decatur County Rural Electric Membership Corp. v. Public Service Co.* (1971), 150 Ind.App. 193, 275 N.E.2d 857.

■ An almost identical issue was recently addressed by this Court regarding whether a child custody determination corollary to a dissolution of the marriage of two Indiana residents amounted to a void judgment due to the absence of subject matter jurisdiction. *State ex rel. Hight v. Marion Superior Court* (1989), Ind., 547 N.E.2d 267. Once a court possesses subject matter jurisdiction to consider the general class or kind of case, its specific jurisdiction over a particular case within the general class is subject to waiver. *Board of Trustees of Town (now City) of New Haven v. City of Fort Wayne* (1978), 268 Ind. 415, 375 N.E.2d 1112. In *Hight* we observed:

> Ind.Code § 31–1–11.5–3(a) and (b) empower a trial court to hear causes of action for dissolution and for child support. Within this grant of subject matter jurisdiction is the power to determine child support (Ind.Code § 31–1–11.5–12), child custody (Ind.Code § 31–1–11.5–20), and visitation (Ind.Code § 31–1–11.5–24). By filing the dissolution action, [the wife] engaged the trial court's subject matter jurisdiction to hear dissolution cases, which includes the authority to decide issues of child custody, support and visitation.

547 N.E.2d at 270.

■ Resolution of the subject matter jurisdiction issue involves determining whether the claim advanced falls within the

general scope of authority conferred upon the court by the constitution or statute. *State ex rel. Young v. Noble Circuit Court* (1975), 263 Ind. 353, 332 N.E.2d 99. The authority to hear child custody cases is not directly granted by the UCCJA. Rather, Sec. 3(a) merely operates to restrict the existing power of courts to hear custody cases. Ind.Code § 31–1–11.6–3(a) begins:

> A court of this state *which is competent to decide child custody matters* has jurisdiction to make child custody determination by initial remodification decree if: [emphasis added]

The source of this competency to decide child custody matters is found in Ind.Code § 31–1–11.5–20 and is an incidental grant of specific authority within the general grant of subject matter jurisdiction to hear actions for dissolution and child support. *Hight*, 547 N.E.2d at 270. The jurisdictional limitations imposed by the UCCJA are not equivalent to declarations of subject matter jurisdiction, but rather are refinements of the ancillary capacity of a trial court to exercise authority over a particular case. This exercise of authority is waivable. *Id.*

Because of the voluntary conduct of Bonnie in affirmatively engaging the Indiana courts to determine custody, and expressly consenting to the trial court's authority to determine custody, we find that she has waived any question regarding the authority of the court to decide the issue of custody under the facts of her case and has thus waived the trial court's jurisdiction over her particular case.

Transfer is granted. The opinion of the Court of Appeals is vacated. The judgment of the trial court is affirmed.

SHEPARD, C.J., and GIVAN and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The jurisdictional requirements of the UCCJA in I.C. 31–1–11.6–3 are written to insure creditable and lasting child custody decrees. This insurance is sacrificed if a court can ignore those requirements when contesting parents agree to its jurisdiction. The Court of Appeals majority correctly sensed legislative intent here when ruling that these jurisdictional requirements are, by reason of the purpose they serve, not waivable by contesting parents.