**Michael CABAN, Appellant–Respondent,**

v.

**Kelly M. HEALEY, Appellee–Petitioner.**

No. 71A03–9308–CV–268.

Court of Appeals of Indiana,
Third District.

May 23, 1994.

Rehearing Denied Oct. 13, 1994.

---

W. Russell Sanford, Plodowski & Sanford, South Bend, for appellant.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for appellee.

GARRARD, Judge.

Michael Caban (Caban) appeals a judgment granting visitation rights with his biological daughter, Diana, to her stepmother, Kelly Healey (Healey). Healey cross-appeals, seeking reversal of the trial court's determination that it did not have jurisdiction to grant Healey custody of Diana.

FACTS

This case comes before us as a result of a bitter divorce and custody dispute between Caban and Healey. Caban is the biological father of Diana, who was born April 10, 1985. Diana's natural mother died approximately four months after her birth. Caban began a relationship with Healey, and the two shared the responsibility for raising Diana.

On February 16, 1988, Healey gave birth to Caban's son, Joseph. The couple married on December 31, 1988. However, the relationship soon began to deteriorate, primarily due to different philosophies with regard to disciplining the children and managing finances.

Healey filed a petition for dissolution of marriage on December 30, 1991. On January 7, 1992, the parties entered a joint stipulation agreeing that temporary custody of Diana and Joseph would be given to Healey. Attempts at reconciliation through counseling failed, and on February 24, 1992, Caban filed a motion for temporary custody. This motion was denied, as were numerous other motions similarly attempting to regain temporary custody of Diana.

After a trial on January 18–20, 1993, the court found that it lacked authority to enter an order concerning the custody of Diana, and it terminated the provisional custody order. Healey was awarded custody of Joseph, and Caban received visitation rights. Caban was also ordered to pay child support for Joseph. Healey's subsequent motion to correct errors was granted with regard to the issue of visitation with Diana, and the remainder of the motion was denied. This appeal followed.

ISSUES AND DISCUSSION

Caban presents the following issues for review:

I. Whether the trial court properly granted Healey's request for visitation with Diana.

II. Whether the trial court should order a portion of the child support payments for Joseph to be set aside for educational purposes.

On cross-appeal, Healey requests that we reverse the trial court's ruling that it lacked jurisdiction to award her custody of Diana and remand the case for a hearing on the issue of custody with respect to Diana.

ISSUE I

Caban frames his first argument as several different issues, which may be consolidated into the contention that the trial court erred in granting visitation rights with Diana to Healey.

Healey counters that the court erred in concluding it was without authority to grant custody of Diana to her.

Caban first contends that the court did not have jurisdiction to award custody of Diana to Healey and, arguing that visitation rights

are derivative of custody rights, it therefore did not have jurisdiction to grant visitation rights.

Healey brought her petition for dissolution of marriage under Indiana's dissolution of marriage statute. Ind.Code § 31–1–11.5–1. In the petition, Healey requested temporary custody of Diana, and she also filed a motion for temporary maintenance and custody.[1] Caban maintains that the trial court did not have jurisdiction to award custody of Diana because she is not a child born to both parties of the marriage. For support, he directs our attention to *State ex rel. McCarroll v. Marion County Superior Court No. 1* (1987), Ind., 515 N.E.2d 1124 which involved a dissolution proceeding between the biological mother and stepfather. The stepfather filed a petition for *ex parte* preliminary relief in the dissolution action, requesting that custody of the child be placed with the maternal grandmother. The supreme court held that the trial court did not have jurisdiction over the petition of a stepfather seeking temporary custody with the maternal grandmother under I.C. § 31–1–11.5–7 because this child did not meet the definition of a child under I.C. § 31–1–11.5–2(c). This section provides that "[t]he term 'child' means a child or children of both parties to the marriage and includes children born out of wedlock to the parties as well as children born or adopted during the marriage of the parties." I.C. § 31–1–11.5–2(c). I.C. §§ 31–1–11.5–3(a) and 7(a) permit any party in a dissolution action to make a motion for "temporary support or custody of a child of the marriage entitled to support." I.C. § 31–1–11.5–7(a)(2).[2]

The holding in *McCarroll* has been subsequently applied by this court. In *Friar v. Taylor* (1989), Ind.App., 545 N.E.2d 599, 601, we concluded that the trial court erred in awarding custody in a dissolution proceeding because the trial court lacked jurisdiction to determine custody where the children were not children of both parties to the marriage. *See also Thompson v. Thompson* (1990), Ind. App., 550 N.E.2d 1332, 1336 n. 2.

However, Healey maintains that her case is distinguishable from these cases because her dissolution petition and motion for temporary maintenance and custody raise the jurisdiction of the Uniform Child Custody Jurisdiction Act (UCCJA). Healey contends that, by filing this motion, she was acting as a person, other than a parent, seeking a determination of custody under I.C. § 31–1–11.5–20(a), which states:

"A child custody proceeding is commenced in the court by a parent by filing a petition pursuant to section 4(a), (b), or (c) of this chapter [proceeding for dissolution of marriage, child support or legal separation] or by a person, other than a parent, by filing a petition seeking a determination of custody of the child. Jurisdiction of a child custody proceeding either under this chapter or IC 31–1–11.6 shall be determined pursuant to IC 31–1–11.6."

I.C. § 31–1–11.5–20(a) (emphasis added). Healey argues that we must look to the UCCJA to determine jurisdiction in this case and that, under the statute, the trial court had jurisdiction to determine custody of Diana in this case.

Healey misinterprets the applicability of the UCCJA. The general purpose of the UCCJA is to promote cooperation and avoid competition with the courts of other states in determining the proper forum for child custody disputes. I.C. § 31–1–11.6–1. Indiana adopted the UCCJA in 1977, making it the exclusive method of determining the subject matter jurisdiction of a court in a custody dispute with an interstate dimension. *Horlander v. Horlander* (1991), Ind.App., 579 N.E.2d 91, 94–95; *Campbell v. Campbell* (1979), 180 Ind.App. 351, 388 N.E.2d 607, 608.

---

1. Healey's motion was titled a "motion for temporary maintenance and payment of current debts, [temporary] custody and support of minor children, possession of real and personal property, attorney's fees and temporary restraining order without notice." (R. 374).

2. I.C. § 31–1–11.5–3 establishes three causes of action under the act: dissolution of marriage, child support and legal separation. I.C. § 31–1–11.5–7 sets forth the various motions which may be maintained in an action under section 3, including a motion for temporary custody of a child of the marriage. I.C. § 31–1–11.5–7(a)(2).

The supreme court has explored the authority conferred by the UCCJA, stating that "[t]he authority to hear child custody cases is not directly granted by the UCCJA. Rather, Sec. 3(a) merely operates to restrict the existing power of courts to hear custody cases." *Williams v. Williams* (1990), Ind., 555 N.E.2d 142, 145. In reference to the introductory language of I.C. § 31–1–11.6–3(a) ("[a] court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination...."), the supreme court went on to declare:

> The source of this competency to decide child custody matters is found in Ind.Code § 31–1–11.5–20 and is an incidental grant of specific authority within the general grant of subject matter jurisdiction to hear actions for dissolution and child support. (citation omitted). The jurisdictional limitations imposed by the UCCJA are not equivalent to declarations of subject matter jurisdiction, but rather are refinements of the ancillary capacity of a trial court to exercise authority over a particular case.

*Id.* at 145, citing *State ex rel. Hight v. Marion Superior Court* (1989), Ind., 547 N.E.2d 267, 270.

The court correctly determined that it lacked authority to award custody of Diana to Healey.

ISSUE II

■ The court did find that it had jurisdiction to grant Healey visitation with Diana, pursuant to *In re the Custody of Banning* (1989), Ind.App., 541 N.E.2d 283; *Tinsley v. Plummer* (1988), Ind.App., 519 N.E.2d 752; *Collins v. Gilbreath* (1980), Ind.App., 403 N.E.2d 921. Under these cases, a third party may be awarded visitation rights if it is shown that a custodial and parental relationship exists and that visitation with the third person would be in the best interest of the child. *Banning,* 541 N.E.2d at 284.

The evidence in this case clearly met the standard for the award of visitation with Diana to Healey. Caban's argument that since the court did not have the authority to grant Healey custody of Diana, it lacked authority to grant her visitation as well misses the mark. *Banning, Tinsley and Collins* all recognize that in appropriate circumstances the court may award visitation rights to a non-parent and that the authority to do so is a matter of common law rather than a power conferred by the Dissolution Act. The trial court had jurisdiction of the father who in turn had the legal custody of Diana and it had jurisdiction of the stepmother who had acted as parent to Diana for most of Diana's life. The court therefore had jurisdiction to order the father, as custodial parent, to grant the visitation the court found reasonable.

ISSUE III

■ Caban also contends that a certain portion of the weekly support paid by him for Joseph should be set aside for future educational expenses. There is no merit to Caban's argument, as the amount of the award resulted from the application of the Indiana Child Support Guidelines, creating a rebuttable presumption that the amount is correct. Ind.Child Support Rule 2. Any amount for "future educational expenses" (Appellant's brief at 22) would be in addition to the basic child support obligation. Ind.Child Support Guideline 3(E)(3). There is no error in the court's award of child support.

For the foregoing reasons, the judgment is affirmed.

HOFFMAN and STATON, JJ., concur.