Commonwealth ex rel. Platt *v.* Platt, Appellant.

Argued December 5, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Sidney M. DeAngelis,* with him *Bean, DeAngelis, Kaufman & Kane,* for appellant.

*Joseph T. Kelley, Jr.,* with him *Gallagher and Kelley,* for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from an order of support of the Court of Common Pleas of Philadelphia County under the Uniform Reciprocal Enforcement of Support Act.

William Platt, the defendant-appellant, and Joanne Platt, the plaintiff-appellee, were married in 1948. One child was born of the marriage, a daughter, Andrea, in 1952. They were married and resided in New Jersey and were divorced in New Jersey on April 24, 1961. The decree of divorce incorporated a property settlement agreement which provided for alimony for the appellee of $60.00 per week and support of the child, Andrea, at the rate of $40.00 weekly.

In December, 1970, the appellant ceased paying the $40.00 weekly for Andrea as she became 18 years of age. The appellant then went to the New Jersey Court seeking contribution for Andrea's college education. She had enrolled at the American University in Washington, D. C. The New Jersey Court directed the appellant to continue to pay $40.00 weekly for the support of Andrea and to pay $1000.00 per year toward college expenses. The appellant complied with this order and discontinued the $60.00 per week for the appellee. The appellant had moved to Philadelphia, was remarried and has three children as the result of the second marriage.

On January 18, 1972, the appellee filed a proceeding in New Jersey under the Uniform Reciprocal Enforcement of Support Act seeking to have her $60.00 payment of alimony enforced and seeking a new court order for Andrea. On February 8, 1973, after a hearing, the Philadelphia court below ordered the appellant to pay $100.00 per week for the support of Andrea.

The appellant is employed as a sales manager and has total earnings of $32,000.00 per year. The appellee is employed and has a gross income of $17,000.00 per year. Andrea is a 20 year old college student who attends school 27 weeks a year. Her total expenses for college including tuition, room, board and books amounts to $4245.00 per year. Andrea works for the Atlantic City Press when she is not attending college for which she receives $75.00 per week or approximately $1875.00.

The purpose of support statutes is not to create new rights but to provide a procedure for enforcing existing rights. In Pennsylvania there is no duty of support owed to a divorced wife by a former husband. *Commonwealth ex rel. Jones v. Jones*, 216 Pa. Superior Ct. 1, 260 A. 2d 809 (1969); *Commonwealth ex rel. Bortin v. Bortin*, 210 Pa. Superior Ct. 355, 234 A. 2d 55 (1967).

In a proceeding brought in a responding state under the Uniform Reciprocal Enforcement of Support Act, Pennsylvania will not recognize a foreign court order so far as it pertains to alimony for the wife. The proper remedy for the wife in such a case would be to begin an action in assumpsit in Pennsylvania since the husband's duty to pay support for his ex-wife arose because of a contract and not by virtue of Pennsylvania law.[1]

---

[1] It appears that the appellee had begun such an action at the time of the hearing.

The court awarded the appellee the amount of $100.00 per week for the support of Andrea, it did not name an amount for the wife-appellee. However, it does appear as contended by the appellant that the court below just added the sum of $60.00 and $40.00 awarded by the New Jersey Court order to make up the $100.00 order indirectly enforcing the alimony decree of New Jersey.

This leaves the husband in a position where he must pay the $100.00 directed by the Pennsylvania court for child support and still is subject to the New Jersey order and suit in assumpsit for the $60.00 alimony amount provided in the agreement.

The issue before us is whether the court below abused its discretion in awarding $100.00 for child support in light of all the circumstances. A reviewing court will overrule a trial court's determination of a support order only in the event of a clear abuse of discretion. *Commonwealth ex rel. Schmidt v. Schmidt*, 223 Pa. Superior Ct. 20, 296 A. 2d 855 (1972). The question is whether the court abused its discretion in requiring a father to pay $5200 yearly for his daughter who is attending school and is twenty years of age when the mother earns $17,000.00 a year and the father earns $32,000.00 and the daughter herself earns $1875.-00 per year.

This is not a case where those involved are in anyway destitute. Both the mother and the father have substantial income and assets so that either one could support and educate the daughter. The wife's separate earnings are to be considered in determining a support order for a child attending college. *Hanerkam v. Hanerkam*, 221 Pa. Superior Ct. 182, 289 A. 2d 742 (1972). It also seems equitable to take the child's earnings into consideration. *Doelp v. Doelp*, 219 Pa. Superior Ct. 420, 281 A. 2d 721 (1971).

Under the New Jersey order the father would be paying a total of $3080.00 toward Andrea's support and education ($1000 plus $40 weekly). Under the Pennsylvania order, he would be paying $5200.00 per year for her support. In both cases, he would remain liable for the wife's alimony award.

In light of the above circumstances, the order of $100.00 weekly for Andrea is a clear abuse of discretion. Andrea's college needs amount to $4200.00 a year and she must be supported for the time she is not in college. However, when we take into account her mother's earnings and her earnings, it becomes apparent that their combined earnings are substantial enough so that the father's burden is excessive under the present order.

The purpose of support is not to punish the father but to secure the support, education and maintenance of the child. *Doelp v. Doelp,* supra.

The order is reversed and the case remanded for further proceeding consistent with this opinion.