Rolland Phillip **NEUDECKER**,
Appellant,

v.

Wendy Elizabeth **NEUDECKER**,
Appellee.

No. 79S02–9109–CV–687.

Supreme Court of Indiana.

Sept. 9, 1991.

Margret G. Robb, Cynthia L. Garwood, Bartlett, Robb & Sabol, Lafayette, for appellant.

Carolyn S. Holder, Holder & Davis, Lafayette, for appellee.

DICKSON, Justice.

The parties' 1975 dissolution decree determined that Wendy Neudecker should have custody of the two children and ordered Rolland Neudecker to pay weekly child support. Following a hearing upon Wendy's Petition to Modify Support, the trial court substantially increased the support obligation and required Rolland to pay all costs for the older child to attend college for four years following high school. The Court of Appeals affirmed. *Neudecker v. Neudecker* (1991) Ind.App., 566 N.E.2d 557. Rolland's petition for transfer asserts two issues: 1) abuse of discretion in fixing the support obligation; and 2) constitutionality of Ind.Code § 31–1–11.5–12(b)(1) which authorizes support orders to include college expenses. We grant transfer to consider the second issue which, prior to the decision of the Court of Appeals in this case, had not been fully addressed in this state.[1]

Wendy's petition to modify was filed on August 15, 1988, proceeded to trial in July, 1989, and was decided by the trial court on August 22, 1989, at which time the parties' children were eighteen and sixteen years of age. The trial court modified the support from $45.00 per week to $1,043.90 per month when both children are residing in the wife's home and $522.00 per month for periods when the older child is away from home attending college.

Rolland contends that the Court of Appeals erred in upholding the constitutionality of Ind.Code § 31–1–11.5–12(b)(1). He argues that the statute is unconstitutionally vague, that it impermissibly treats unmarried parents and their children differently from married parents and their children, and that it infringes upon his fundamental child-rearing rights.

It is through subsections 12(a) and 12(b) of Indiana Dissolution of Marriage Act, Ind.Code §§ 31–1–11.5–1 to –28, that the legislature has assigned trial courts the discretionary authority to require either or both parents to contribute to a child's education expenses.

12(a). In an action pursuant to section 3(a), 3(b), or 3(c) of this chapter, the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct, after considering all relevant factors including:

(1) The financial resources of the custodial parent;

(2) The standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not been ordered;

(3) The physical or mental condition of the child and the child's educational needs; and

(4) The financial resources and needs of the noncustodial parent.

12(b). The child support order may also include, where appropriate:

(1) Sums for the child's education in elementary and secondary schools and at institutions of higher learning, tak-

---

1. Preliminarily, we observe that considerable correspondence has been addressed to each of the justices from citizens wishing to express their opinions upon issues related to this case but perhaps unaware that the Code of Judicial Conduct Canon 3(A)(4) prohibits the consideration of any such communications concerning a pending proceeding.

ing into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses;

(2) Special medical, hospital, or dental expenses necessary to serve the best interests of the child; and

(3) Fees mandated under Title IV–D of the federal Social Security Act.

■ Rejecting the claim of unconstitutional vagueness, the Court of Appeals noted the rules of interpretation that favor construing statutes as constitutional if reasonably possible, found that the statute provides sufficient guidelines for a trial court to exercise its discretion, and observed that parents "seeking to dissolve their marriages are aware that the trial court may, in its discretion, order them to pay for their children's education." *Neudecker*, 566 N.E.2d at 562. We approve of the determination of this issue by the Court of Appeals.

■ We likewise agree with the disposition of Rolland's claim that equal protection rights are violated because a divorced parent can be ordered to pay for his child's education, while a married parent may unilaterally refuse to do so.

■ It is true that there is no absolute legal duty on the part of parents to provide a college education for their children. *Haag v. Haag* (1959), 240 Ind. 291, 163 N.E.2d 243; *Giselbach v. Giselbach* (1985), Ind.App., 481 N.E.2d 131. However, common experience teaches that one of the major concerns of most families is that qualified children be encouraged to pursue a college education in a manner consistent with individual family values. The statutory authorization in dissolution cases to order either or both parents to pay sums for their child's education expenses constitutes a reasonable implementation of the child support criteria that the court must consider the standard of living the child would have enjoyed had the marriage not been dissolved. Ind.Code § 31–1–11.5–12(a)(4). This factor is applicable in support modification proceedings, *cf. Lepper v. Lepper* (1987), Ind., 509 N.E.2d 818, particularly those in which educational expense is an issue.

When an initial support order or its modification is otherwise appropriate, a party seeking to include therein the required payment of college expense must establish by a preponderance of the evidence that such order is reasonable considering the statutory factors in subsections 12(a) and 12(b). In this regard, the "standard of living the child would have enjoyed had the marriage not been dissolved" means whether and to what extent the parents, if still married, would have contributed to the child's college expenses.

In finding a rational relationship between the child support statutory scheme and the state interest in seeing that children of divorced parents are afforded the same opportunities as children of married parents, the Court of Appeals was correct.

■ As observed by Judge Sullivan in his separate opinion concurring in result on these issues, the Court of Appeals majority opinion does not directly discuss Rolland's due process claim of infringement upon parental rights. *Neudecker*, 566 N.E.2d 557, 565. This omission is corrected by the analysis of Judge Sullivan. He points out that the right to make educational decisions necessarily follows custody, and that it is not a violation of the non-custodial parent's liberty rights to order him and/or her to bear the reasonable cost, or a portion thereof, of that education. *Id.* The exclusive right of the custodial parent to "determine the child's upbringing, including his education, . . ." is provided in Ind.Code § 31–1–11.5–21(b).

The expenses of college are not unlike those of orthodontia, music lessons, summer camp, and various other optional undertakings within the discretion of married parents but subject to compulsory payment by inclusion in a child support order in the event of dissolution. The statutes which authorize such orders do not infringe upon fundamental child-rearing rights.

As supplemented by the foregoing, we approve of the opinion of the Court of Appeals as to all issues and summarily affirm pursuant to Ind.Appellate Rule

11(B)(3). The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.