**Bradley H. CARR, Appellant–Respondent**

v.

**Suzanne CARR, Appellee–Petitioner.**

No. 79A04–9011–CV–536.

Court of Appeals of Indiana,
Fourth District.

Nov. 12, 1991.

Lisa V. Schrader, Heide Sandy Deets Kennedy Schrader & Antalis, Lafayette, for appellant-respondent.

Carolyn S. Holder, Holder & Davis, Lafayette, for appellee-petitioner.

CHEZEM, Judge.

### Case Summary

Appellee/Respondent, Bradley H. Carr (Bradley), appeals the trial court's order, requiring him to pay all reasonable and necessary tuition, room and board, fees, books and supplies for his daughter's college education. We affirm.

### Issues

I. In an action to modify the support provisions of a divorce decree, was the portion of expenses assigned to Bradley proper under the Indiana Child Support Guidelines and did the trial court abuse its discretion in so apportioning those expenses?

II. Does Ind.Code § ·31–1–11.5–12(b)(1) violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment?

### Facts

Bradley and Suzanne Carr were divorced in 1972. Suzanne was awarded custody of their minor child, Jody. Bradley was ordered to pay twenty dollars ($20.00) per week in child support. In November, 1980, Brad's child support was increased to forty dollars ($40.00) per week. Jody is now enrolled at Indiana University with education expenses amounting to six thousand seven hundred and eighty dollars ($6,780.00) per year.

Bradley is employed at Fairfield Manufacturing and in 1989, had gross income of twenty-five thousand four hundred ninety-eight dollars and forty-two cents ($25,498.42). As of July 1, 1990, he also had a savings account containing five thousand one hundred thirty dollars and sixty-seven cents ($5,130.67), a retirement account of sixty-four thousand three hundred forty-seven dollars and fifty-seven cents ($64,347.57) as well as a pension through his employer. Suzanne is employed by Coldwell Banker, as a real estate broker, and her 1989 income tax return reflects a gross income of twenty-six thousand three hundred thirty-seven dollars and seventy-two

cents ($26,337.72). The evidence further showed that her 1990 income will decrease by approximately six thousand dollars ($6,000.00). Suzanne has land valued at fifty-six thousand dollars ($56,000.00) with a mortgage of twenty-five thousand dollars ($25,000.00). Bradley owns land that he has invested twenty-six thousand dollars ($26,000.00) for improvements and for the purchase of a double-wide mobile home.

Based on the evidence presented, the court ordered Bradley to pay all reasonable and necessary tuition, room and board, fees, books and supplies for Jody's college education. Suzanne was ordered to pay all of Jody's miscellaneous college expenses. The parties agreed that this college award be limited to a period of four (4) years. It is from this order that Bradley appeals.

### Discussion and Decision

#### I

■ Bradley first asserts that the trial court abused its discretion by requiring him to pay for Jody's college education. We note that modification of a child support order is within the sound discretion of the trial court, and will not be disturbed on appeal unless there is no substantial evidence to support the finding of the trial court. We do not reweigh the evidence or judge the credibility of witnesses. *Neudecker v. Neudecker* (1990), Ind.App., 566 N.E.2d 557, 560, *affirmed* (1991), Ind., 577 N.E.2d 960.

■ I.C. 31–1–11.5–12(b) authorizes the trial court to award, as child support, sums for a child's education, taking into account the child's aptitude and ability, and the parent or parents' ability to meet educational expenses. *Id.* at 560. Bradley does not argue that he is unable to pay for Jody's expenses or that she does not have the aptitude or ability to obtain a college degree. He argues that the trial court should have ordered Suzanne to pay half of Jody's educational expenses citing the Indiana Child Support Guidelines' division of the basic support obligation based on the parent's proportional share of income. However, Child Support Guideline 3(E)(3) provides that the trial court has the discre-

tion of including educational expenses when calculating the basic child support obligation or the court may order the educational expenses as a separate award, as was done here.

Bradley further argues that the trial court should have put some burden on Jody to take out student loans, enroll in work-study programs or seek part-time jobs during the school year. However, it is within the trial court's discretion to tailor a child support award to the circumstances. Providing the noncustodial parent a role in the child's education is within the sound discretion of the trial court, and the proper place for Bradley to address the issue of Jody's responsibility in the financing of her education, was at the trial court level. *See Neudecker* at 564. The trial court did not abuse its discretion.

## II

■ Bradley next asserts that I.C. 31-1-11.5-12(b)(1) violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. He asserts that it is unconstitutionally vague because it gives the trial court complete discretion in awarding educational expenses and lays out no guidelines for the trial court to follow. He further states that it unnecessarily impinges upon the parent's fundamental right's in child rearing and impermissibly discriminates between married and unmarried persons. Until recently, these points had not been addressed in Indiana law. However, this court in *Neudecker, supra,* considered Bradley's contentions and determined that this statute does not violate either the Due Process Clause or the Equal Protection Clause. In light of the comprehensive and thorough analysis in *Neudecker,* there is no further discussion needed on this issue.

Affirmed.

SHIELDS, J., concurs.

MILLER, J., dissents with separate opinion.

MILLER, Judge, dissenting.

I respectfully dissent. In my opinion, the trial court abused its discretion in requiring Bradley to pay all the expenses of his daughter's college education—room and board, tuition and books—without considering the availability of student loans.

Our supreme court has held that it is not a denial of equal protection to require non-custodial parents to bear the reasonable cost, or a portion thereof, of their children's college education. *Neudecker v. Neudecker* (1991), Ind., 577 N.E.2d 960, *aff'g* (1991), Ind.App., 566 N.E.2d 557. However, the trial court must determine whether it is appropriate to include a payment for college expenses in a modification of a support order, and the party seeking to include such payment must have established by a preponderance of the evidence that the modified order is reasonable considering the factors in Ind.Code 31-1-11.5-12(a) and (b). *Neudecker, supra,* at 962. This includes a determination as to the " 'standard of living the child would have enjoyed had the marriage not been dissolved' [which] means whether and to what extent the parents, if still married, would have contributed to the child's college expenses." *Id.,* quoting IC 31-1-11.5-12(a)(2). The Mother in *Neudecker* sought to modify the child support order to require Father to pay all the costs for their older child's college education. At the time, Mother, a nurse, earned approximately $31,000 per year, and Father, a mortgage broker, earned approximately $200,000 per year. Considering Father's income, it is reasonable to conclude that had the parties remained married, he would have paid the costs of his children's education. However, in the present case, Bradley's income is only $25,000 per year, and Suzanne's income is approximately the same. It is not so clear that, had they remained married, Bradley would have paid *all* of the child's educational expenses.

A parent who pays for the child's college expenses is often required to make an enormous sacrifice, using funds acquired for retirement or foregoing pleasures or even his own basic needs, while the child reaps

the benefit.[1]  Such is the case here where Bradley will be required to liquidate his own retirement funds or obtain loans to meet the 200% increase in his child support payments required by the trial court's order.  In my opinion, the trial court abused its discretion in ordering Bradley to pay all of his daughter's college education expenses—books and tuition, room and board—without considering the availability of student loans or daughter's ability to work during vacations to contribute to her own educational expenses.[2]  The Commentary to Ind. Child Support Rule 3(E) reads:

> "If the additional expense is for higher education, the court should consider scholarships, grants, student loans, summer and school year employment and other cost-reducing programs available to the student.  The student should be expected to actually apply for available aid, and a failure to do so should be considered when establishing educational expense."

See e.g. Platt v. Platt (1974), 227 Pa.Super. 423, 323 A.2d 29, (abuse of discretion for the trial court to order the father to pay all educational expenses for his child without considering the earnings of the wife and the child).

I would reverse and remand to the trial court to reconsider the availability of student loans and to redetermine the proportion of the college expenses which Bradley must pay.

---

1.  As reported in *What's it Worth?*, U.S. Dept. of Commerce, Bureau of Census Current Population Report, Series P–70, No. 21, October 1990, the then current average monthly earnings for a high school graduate was $921; while an individual with a four-year bachelor's degree could expect to earn nearly twice that amount—approximately $1,829.

2.  The trial court's order contains a provision that the amount of support Bradley pays will be "reduced by any *non-repayable* grants, scholarships or other benefits awarded to said child as a result of said enrollment at a college or university."  R. 23, emphasis added.