In re Matter of the PATERNITY OF C.B.

Mary Ann BRADY, Appellant–Petitioner Below,

v.

Robert Joseph JANCARIC, Appellee–Respondent Below.

No. 37A03–9111–CV–335.

Court of Appeals of Indiana, Third District.

May 18, 1992.

Linley E. Pearson, Atty. Gen., Leneigha L. Downs, Deputy Atty. Gen., Indianapolis, for appellant-petitioner below.

Donald W. Shelmon, Rensselaer, for appellee-respondent below.

STATON, Judge.

Mary Ann Brady appeals the denial of her petition for modification of child support. She presents for our review the sole (restated) issue of whether the trial court erroneously declined to award child support in conformity with the Indiana Child Support Guidelines ("guidelines").

We reverse and remand.

On May 31, 1988, Mary Ann Brady and Robert Jancaric submitted to the Jasper Superior Court an Agreed Entry wherein Jancaric admitted his paternity of C.B., born November 18, 1987. Jancaric was

ordered to pay child support in the amount of $45.00 weekly.

On April 11, 1991, Brady filed a petition for modification of support wherein she requested a guideline-based award of $108.00 weekly. Hearing was held on June 3, 1991.[1] On July 1, 1991, the trial court denied Brady's petition for modification:

"The Court now finds as to the support issue, based on the holding *In the Matter of the Paternity of Humphrey*, 561 NE2d 502 (1990), that the petition to modify the support, in compliance with the guidelines, should be denied for the following reasons:

The Court finds that the Petitioner is receiving child support at the rate of One Hundred Twenty-five Dollars ($125.00) per week for two children living within the home, who are not a part of this paternity action, and that this child's support should not be based on the guidelines as they exist under the directions of the *Humphrey* case.

Record, p. 54.

Brady contends that the trial court's reliance on *Humphrey* is inappropriate and that no evidence exists to support a deviation from the guidelines. Jancaric replies that Brady presented insufficient evidence of a substantial and continuing change in circumstances that rendered the initial support order unreasonable.

The modification of a child support order is within the discretion of the trial court and will not be disturbed upon appeal unless there is no substantial evidence to support the finding of the trial court. *Carr v. Carr* (1991), Ind.App., 580 N.E.2d 966, 967. Modification is warranted upon a showing of changed circumstances so substantial and continuing as to make the terms of the existing order unreasonable *or* upon a showing that an order issued at least 12 months prior to the petition for modification differs by more than 20% from the guideline amount. IND.CODE 31-1-11.5-17(a).

The guidelines presume a division of the child support obligation in proportion

1. Jancaric testified that his average weekly gross income is $581.00. Record, p. 87.

to each parent's available income and awards determined by the application thereof are presumptively correct. An obligor who seeks a deviation from the guideline amount must present evidence such that the trial court can conclude that an order for the guideline amount would be unjust or inappropriate under existing circumstances. *Gielsdorf-Aliah v. Aliah* (1990), Ind.App., 560 N.E.2d 1275, 1277–78. If the court concludes from the evidence that the guideline amount would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion. *Talarico v. Smithson* (1991), Ind.App., 579 N.E.2d 671, 673.

Here, the sole factual circumstance referenced in the trial court's order is the inclusion within Brady's household of other children for whom child support is received. We agree with Brady that the trial court's reliance upon *Humphrey* is misplaced. No evidence was presented that the circumstances surrounding the instant support award are similar to those addressed in *Humphrey*.

The custodial parent in *Humphrey* received AFDC benefits on behalf of multiple children and was required to assign all child support monies to the Indiana Department of Welfare ("DPW"). *In re Humphrey* (1991), Ind., 583 N.E.2d 133.[2] Our supreme court determined that a support award in the presumptive amount would effectively require Humphrey to reimburse the DPW for the support of children other than his own. *Id.* at 135. Brady is not likewise an AFDC recipient required to assign child support to the DPW in exchange for a fixed benefit payment. Jancaric's child, unlike Humphrey's child, can be supported in a style commensurate with Jancaric's socioeconomic position. *Id.* at 136.

Although blind adherence to the guidelines is not required of the trial court, a deviation must be accompanied by a statement of specific circumstances which would support a conclusion that the guide-

**2.** The Court of Appeals opinion cited in the trial court's order was vacated by the Indiana Su-

line amount is unjust or inappropriate. *Talarico, supra,* at 673.

We reverse and remand to the trial court for further proceedings consistent with this opinion.

GARRARD and MILLER, JJ., concur.