Kent A. POULSON, Appellant–
Respondent,

v.

Diane K. POULSON, Appellee–
Petitioner.

No. 35A02–9202–CV–84.

Court of Appeals of Indiana,
Second District.

April 15, 1993.

Douglas C. Lehman, Johnston, Lehman & Guenin, Wabash, for appellant-respondent.

Scott P. Faurote, Gordon, Bendall Branham McNeely & DeLaney, Huntington, for appellee-petitioner.

SULLIVAN, Judge.

On November 15, 1991, the Huntington Circuit Court decreed that appellant Kent A. Poulson (Poulson) was the father of Diane K. Poulson (Diane), age 18, and ordered him to pay $5,644.42 per year for support and college expenses pursuant Indiana Code 31–6–6.1 *et seq.* (Burns Code Ed.Supp.1992) (Paternity Statute). Upon appeal, Poulson presents the question whether upon petition of his child, a father may be ordered to pay support and college expenses under the Paternity Statute when there is no actual controversy regarding paternity.

We affirm.

Diane was born in 1972 to Poulson and his first wife. After Poulson's first wife died, Poulson married Mary Ann Coomler. This marriage was dissolved in 1979, and "custody" of Diane was awarded to Coomler, the step-mother.[1] Poulson was ordered to pay child support.

Upon graduation from high school, Diane was awarded a scholarship to St. Joseph's College in Rensselaer, Indiana. The scholarship paid $11,000 in expenses per year, but Diane paid $1,088.20 per semester to cover the balance for tuition, student fees, room and board. Pursuant to Indiana Code 31-1-11.5-3(b) (Burns Code Ed.1987), the child support cause of action provision of the marital dissolution statute, Diane petitioned the dissolution court to modify the divorce decree so as to order Poulson to pay her outstanding college expenses.

■ The dissolution court determined that Diane was not a "child of the marriage" within the meaning of Indiana Code 31-1-11.5-2(c) (Burns Code Ed.1987) because she was not Coomler's natural child and Coomler had never adopted her. Upon this basis, the court concluded that it was without jurisdiction to modify the dissolution decree upon Diane's petition.[2] However, the court stated that the juvenile court would have jurisdiction to consider the substance of Diane's petition under the Paternity Statute, and transferred the cause to

the juvenile docket to proceed under this theory. After an evidentiary hearing, the juvenile court entered judgment establishing Poulson's paternity and ordering him to pay Diane's college expenses.

Poulson does not dispute the court's discretionary authority, in general, to order a father to pay a child's college expenses upon a finding of paternity. *See* I.C. 31-6-6.1-13(b)(1). However, he maintains that the court's power to order support under the Paternity Statute is ancillary to its power to determine paternity, and that the court may not entertain jurisdiction over a paternity dispute when there is no actual controversy regarding paternity. Previously, we have not directly addressed a challenge to the court's power to order a non-custodial father to bear a child's college expenses under the Paternity Statute, although we have addressed similar questions in the context of the marital dissolution statute.

■ As a general rule, a parent is under no absolute legal duty to provide a college education for his or her child. *Neudecker v. Neudecker* (1991) Ind., 577 N.E.2d 960, 962. This rule is not without exception where the family unit is no longer intact. *Id.* When parents divorce, the dissolution statute authorizes the custodial parent to make educational decisions on behalf of the child. *See* Ind.Code 31-1-11.5-21(b) (Burns Code Ed.1987). The statute authorizes the

---

**1.** The dissolution decree is not a part of the record before us. The record is inconclusive as to Coomler's legal status *vis a vis* Diane upon dissolution of the marriage. However, it is clear that Coomler had "physical control" over the child following the dissolution. It is also clear that Poulson originally paid $20.00 support per week, but more recently had been paying $50.00 support per week. The record contains no support order or modification order to this effect.

**2.** *Compare Szprychel v. Szprychel* (1982) 3d Dist. Ind.App., 433 N.E.2d 866 (child was not the child of the husband to the marriage, against whom support was sought) *with State ex rel. McCarroll v. Marion County Superior Court* (1987) Ind., 515 N.E.2d 1124, 1125 (dissolution court exceeded jurisdiction by granting custody of a child who was the subject of a pending adoption petition by the husband and wife but who was not the child of either party).

Although we need not decide the question, it may be that the dissolution court may have properly exercised jurisdiction over Diane's petition not upon grounds that she was the child of the marriage which had been dissolved, but rather upon grounds that an earlier determination placing the child in the care of the step-mother was valid. Any arguable defect in a custody order would not, in any event, seem to have determinative effect upon the responsibility of the natural father to provide support. In this regard, it may be noted that a child need not be placed in the legal custody of a sole surviving natural parent, if such is contrary to the best interests of the child. In such situation a custody award may be made to an appropriate third party. *Glass v. Bailey* (1954) 233 Ind. 266, 118 N.E.2d 800; *Bingaman v. Bingaman* (1991) 4th Dist. Ind.App., 580 N.E.2d 699; *Fox v. Fox* (1984) 3d Dist. Ind.App., 466 N.E.2d 789.

court to order the non-custodial parent to pay an appropriate share of this cost. Ind. Code 31–1–11.5–12(b)(1) (Burns Code Ed. Supp.1992). The intent of this provision is to provide the child with the "standard of living the child would have enjoyed had the marriage not been dissolved". I.C. 31–1–11.5–12(a)(2). In *Neudecker, supra,* our Supreme Court held that these provisions of the dissolution statute do not unconstitutionally inhibit the fundamental child-rearing or equal protection rights of the non-custodial, divorced parent.

■ It is not inconsequential that the Paternity Statute parallels the provisions of the dissolution statute outlined above. Once paternity is established, the court conducts a hearing to determine the issues of custody, visitation, and support. I.C. 31–6–6.1–10(a). The person awarded custody is charged with the responsibility of making educational decisions on behalf of the child. I.C. 31–6–6.1–11(b). In the event that the custodian decides to help pay a child's college expenses, the court may order the non-custodial parent to bear an appropriate share of the expense after considering "[t]he standard of living the child would have enjoyed had the parents been married and remained married to each other." I.C. 31–6–6.1–13(a)(2).

In essence, both the dissolution and paternity statutes recognize that non-custodial parents sometimes lack the incentive to support the child in the manner they would have if the family had remained intact. *See Neudecker v. Neudecker* (1991) 2d Dist. Ind.App., 566 N.E.2d 557, 563, *aff'd,* 577 N.E.2d 960. This consideration justifies the State's exercise of its *parens patriae* power to ensure that the child is not deprived of parental support in pursuing a college education simply because she has only one non-custodial surviving parent. *See Neudecker, supra,* 566 N.E.2d at 563; *see also Neudecker, supra,* 577 N.E.2d at 962; *O.S. v. J.M.* (1982) 3d Dist. Ind.App., 436 N.E.2d 871, 873.

■ Poulson contends that the trial court erred in conducting proceedings under the Paternity Statute when there was never any actual controversy upon the issue of paternity. In this regard, Poulson notes: 1) that he had custody of Diane until the court awarded "custody" to Coomler (when Diane was approximately six years old); 2) that he paid child support thereafter and continues to do so; and 3) that he has never denied being Diane's natural father.

We find this argument unpersuasive. Clearly, the purpose underlying the Paternity Statute is to vest the father with the rights and responsibilities of parenthood, not merely to establish the fact of parenthood. The statute's *parens patriae* interest in ensuring that the child is not financially or educationally deprived merely because her parents do not live together as a family is served in this case by allowing Diane to pursue her own cause of action. Indeed, a non-custodial father has no real basis for complaint when he is judged to be what he freely admits he is, *i.e.,* father of the child, and is then called upon to fulfill his non-custodial parental support obligations.

Poulson suggests, however, that our holding will authorize children to sue their custodial parents for college expenses in derogation of the parents' right to make educational decisions on behalf of the child. Poulson argues that such a result would invade the area of family life protected by the Fourteenth Amendment. We need not decide this question here, and express no opinion as to whether the extension of our holding to include custodial parents would violate due process. We merely emphasize here that our holding is limited to non-custodial parents.

We necessarily focus upon the duties and obligations of the non-custodial parent. We may not be diverted by who has physical "control" or "custody" in making a determination of the rights of a child to have his or her natural non-custodial parent share a portion of the expenses for higher education.

■ To be sure, before the non-custodial parent may be ordered to contribute to this education, the relevant criteria must be met by the child. In the final analysis,

however, a non-custodial parent should not be permitted to avoid an otherwise appropriate and valid obligation to assist in education of the child merely because the actual "custodian" of the child is not the other natural or adoptive parent of the child.

In the instant case, Diane had standing to bring a paternity action against Poulson under I.C. 31–6–6.1–2(a)(4). As an eighteen-year-old, her petition was timely filed and sought a statutorily authorized remedy. I.C. 31–6–6.1–6(b); I.C. 31–6–6.1–13(b)(1). Thus, the trial court did not err in awarding Diane support for her college expenses pursuant to these statutory provisions. I.C. 31–6–6.1–15,–16 (court may order support payments to be made through the clerk of the court as trustee for remittance to any appropriate person entitled to receive them).

The judgment of the juvenile court is affirmed.

SHARPNACK, C.J., and FRIEDLANDER, J., concur.