

ATTORNEYS FOR APPELLANTS

Bryan L. Ciyou
Darlene R. Seymour
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE AMY
S. LIKES

John M. Haecker
Squiller & Hamilton, LLP
Auburn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa Gill, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Jeffery B. Gill, <br> *Appellee-Respondent.* | March 22, 2017 <br><br> Court of Appeals Case No. <br> 20A03-1607-DR-1569 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Stephen R. Bowers, Judge <br><br> Trial Court Cause No. <br> 20D02-1002-DR-23 |
| In Re the Marriage Of: <br><br> Jasen Simcox, <br> *Appellant-Respondent,* <br><br> v. <br><br> Amy S. (Simcox) Likes, <br> *Appellee-Petitioner.* | Court of Appeals Case No. <br> 20A03-1607-DR-1569 <br><br> Appeal from the Kosciusko Circuit Court <br><br> The Honorable David C. Cates, Special Judge <br><br> Trial Court Cause No. <br> 43C01-9808-JP-576 |

| Paul King, | Court of Appeals Case No. 20A03-1607-DR-1569 |
|---|---|
| *Appellant-Petitioner,* | Appeal from the Marion Superior Court |
| v. | The Honorable Cynthia J. Ayers, Judge |
| Jennifer Devine, | The Honorable Mark F. Renner, Magistrate |
| *Appellee-Respondent.* | Trial Court Cause No. 49D04-9909-DR-1262 |

**Bradford, Judge.**

# Case Summary

[1] This consolidated appeal involves three separate challenges to the constitutionality of statutory authority which authorizes a trial court to order a divorced parent to contribute to his or her child's post-secondary educational expenses. On appeal, Appellant-Petitioner Lisa Gill, Appellant-Respondent Jasen Simcox, and Appellant-Petitioner Paul King (collectively, "the Appellants") contend that such statutory authority is unconstitutional for two reasons: (1) the statute violates a divorced parent's equal protection right as it places the divorced parent in a different position than married parents and (2) the statute interferes with a parent's fundamental right to determine his or her child's upbringing and education.

[2] On cross-appeal, Appellee-Petitioner Amy S. Likes contends that the trial court abused its discretion by (1) crediting Jasen Simcox for certain nonconforming

child support payments and (2) basing Jasen Simcox's post-secondary education obligation on the cost of a public university rather than the cost of the private university that their daughter attends.

[3] Upon review, we conclude that the Indiana Supreme Court has clearly held that statutory authority allowing a trial court to order a divorced parent to contribute to his child's post-secondary educational expenses is constitutional. As for the issues presented on cross-appeal, we find no abuse of discretion by the trial court. Accordingly, we affirm the judgments of the trial courts in each of the individual matters.

# Facts and Procedural History

[4] The instant matter is a consolidated appeal from three separate trial court judgments. The facts in each individual manner are largely undisputed and are set forth below.

## I. *Gill v. Gill*

[5] Lisa Gill was previously married to Appellee-Respondent Jeffrey B. Gill. Their marriage was dissolved by order of the Elkhart Superior Court on June 22, 2011. Two children, Au.G. and Ad.G., were born of the parties' marriage. Au.G. began attending Indiana University South Bend ("IUSB") in September of 2013. Ad.G. planned to attend college at either Indiana University, Ball State University, Purdue University, Indiana State University, or IUPUI.

On December 2, 2013, Jeffrey Gill filed his verified petition for a post-secondary educational expense order. Lisa Gill objected to this petition on January 9, 2015. Following a January 15, 2015 evidentiary hearing, the Elkhart Superior Court issued an order finding Lisa Gill responsible for a portion of her children's post-secondary educational expenses.

## II. *Simcox v. Likes*

Jasen Simcox was previously married to Amy Likes. Their marriage was dissolved by order of the Kosciusko Circuit Court in December of 1998. One child, T.S., was born of the parties' marriage. During the 2015-2016 academic year, T.S. was a sophomore at Anderson University where she played soccer.

On November 5, 2015, Amy Likes filed her verified petition for a post-secondary educational expense order. Jasen Simcox objected to this petition on May 25, 2016. Following a June 14, 2016 evidentiary hearing, the Kosciusko Circuit Court issued an order finding Jasen Simcox responsible for a portion of T.S.'s post-secondary educational expenses.

## III. *King v. Devine*

Paul King was previously married to Appellee-Respondent Jennifer Devine. Their marriage was dissolved by order of the Marion Superior Court on December 18, 2000. Two children were born of this marriage. The younger of the two children, S.K. attended IUPUI for the 2015-2016 academic year and planned to continue her studies at IUPUI for the 2016-2017 academic year. The full cost of attending IUPUI for one year is approximately $18,200.

On April 27, 2016, Jennifer Devine filed a petition to establish a post-secondary expense order. Following an August 12, 2016 evidentiary hearing, the Marion Superior Court issued an order finding S.K. responsible for $8933 in annual post-secondary educational expenses, finding her parents responsible for the remaining $9267 in annual post-secondary educational expenses, and holding Paul King responsible for 74% of the parents' share of the cost of S.K.'s post-secondary education.

## IV. Appellate Proceedings

Lisa Gill initiated an appeal of the trial court's order under Cause Number 20A03-1607-DR-1569. Jasen Simcox initiated an appeal of the trial court's order under Cause Number 43A03-1607-DR-1682. Paul King initiated an appeal of the trial court's order under Cause Number 49A02-1609-DR-2061. The Appellants subsequently filed individual Motions to Consolidate, with each requesting that we consolidate the three cases for the purpose of appeal. On November 7, 2016, we issued an order granting the Appellants' Motions to Consolidate and ordered that the three cases should be consolidated under Cause Number 20A03-1607-DR-1569.

## Discussion and Decision

## I. Issue Presented on Direct Appeal

Appellants contend that Indiana Code section 31-16-6-2, which authorizes a trial court to order a divorced parent to contribute to his or her child's post-

secondary educational expenses, is unconstitutional. Specifically, Appellants claim that Indiana Code section 31-16-6-2 is unconstitutional for two reasons: (1) the statute violates a divorced parent's equal protection right as it places the divorced parent in a different position than married parents and (2) the statute interferes with a parent's fundamental right to determine his or her child's upbringing and education.

[13] In raising these claims, Appellant's acknowledge that the Indiana Supreme Court has previously rejected such claims and found a substantially similar prior version of the statute in question to be constitutional. *See Neudecker v. Neudecker*, 577 N.E.2d 960 (Ind. 1991) (rejecting the Appellant's claim that the statute allowing the trial court to order him to pay a portion of his child's post-secondary educational expenses was unconstitutional because it (1) impermissibly treated unmarried parents and their children differently from married parents and their children, and (2) infringed upon his fundamental child-rearing rights). Nevertheless, Appellants argue that because the Indiana Supreme Court's decision in *Neudecker* is over twenty-five years old, "as a matter of law, this Court should review this issue anew as prior law is outdated and not in sync with our current society." Appellants' Br. p. 12.

[14] Appellants essentially ask us to overturn the Indiana Supreme Court's long-standing decision in *Neudecker*. However, it is well-established that as Indiana's intermediate appellate court, we are bound to follow Indiana Supreme Court precedent. *See Sedam v. 2JR Pizza Enterprises, LLC*, 61 N.E.3d 1191, 1196 (Ind. Ct. App. 2016) (providing that it is not the role of the Court of Appeals to

reconsider or declare invalid decisions of the Indiana Supreme Court and that the Court of Appeals is bound by precedent of the Indiana Supreme Court until it is changed either by that court or by legislative enactment). As such, we decline the Appellants' request that we overturn the Indiana Supreme Court's decision in *Neudecker*.[1]

## II. Cross-Appeal Issues Raised by Amy Likes

### A. Nonconforming Child Support Payments

[15] Amy Likes contends that the trial court abused its discretion by crediting Jasen Simcox for $1050 in nonconforming child support payments. Generally, an obligated parent will not be allowed credit for payments not conforming with the support order except in three narrow situations:

> (1) when the proof offered is sufficient to convince the trier of fact that the judicially required support payments have actually been made by the obligated party to the person entitled even though the payments are technically nonconforming; (2) the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree, and (3) where the obligated parent by agreement with the custodial

---

[1] Further, to the extent that Appellants challenge the trial courts orders by claiming that they should not be held responsible for contributing to their children's post-secondary educational expenses because their respective children have repudiated them, we note that the only specific allegation of repudiation contained in Appellants' Brief relates to Jasen Simcox and his daughter, T.S. The record indicates that the trial court heard testimony relating to this claim, including the testimony of T.S. In finding that T.S. had not repudiated her father, the trial court apparently found T.S.'s testimony to be credible. The trial court, acting as the trier-of-fact, was in the best position to judge the credibility of the witnesses and we will not disturb such determinations on appeal. *See generally Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002) (providing that upon review, appellate courts do not reweigh the evidence or reassess the credibility of the witnesses). As such, we will not disturb the trial court's apparent determination that T.S.'s assertion that she had not repudiated her father and that she wished to have a relationship with him to be credible.

parent has taken the children into his or her home, assumed custody of them, provided them with necessities, and has exercised parental control over their activities for such an extended period of time that a permanent change of custody has in effect occurred.

*In re Marriage of Baker*, 550 N.E.2d 82, 87 (Ind. Ct. App. 1990) (citing *O'Neil v. O'Neil*, 535 N.E.2d 523, 524 (Ind. 1989)). It is undisputed that situations two and three do not apply to the instant matter. As such, the question before us on appeal is whether Jasen Simcox offered proof that was sufficient to convince the trial court that he had made judicially-required support payments to Amy Likes, even though such payments were technically nonconforming.

[16] With respect to the nonconforming payments at issue, the trial court found that as of June 14, 2016, Jasen Simcox was "delinquent in his support obligation in the amount of $2,268.00, as shown by the records of the Kosciusko County Clerk and the Indiana State Central Child Support Collection Unit." Appellants' App. Vol. II, p. 46. However, the trial court further found that Jasen Simcox had "made nonconforming payments to Mother in the sum of $1,050.00." Appellants' App. Vol. II, p. 46. In finding that Jasen Simcox should be given credit for the nonconforming payments of $1050, the trial court considered Jasen Simcox's uncontested testimony which indicated the following:

> Q: And what was done with those checks?
> A: They were written to [Appellee Likes] for various things, whether it had been – oh God – you name it. School, book fees, extra related stuff. I cannot tell you the exact, but it would have

been school related, soccer related.

Q:    For instance the second one, the check in the amount of $300.00. In the memo section do you see where it says school?

A:    Yes, that school stuff.

Q:    School stuff, okay. The other two checks nothing was written in the memo section but the middle one does say school stuff.

A:    Yes.

Q:    Are you requesting that the Court give you credit for the total amount of $1,050.00 and subtract that from the arrearages?

A:    Yes, please.

Q:    Were these checks intended to be a gift to either [Amy Likes] or your daughter in addition to support?

A:    No, it was towards what my daughter needed towards supporting my daughter.

Simcox Tr. p. 45. One may reasonably infer from the trial court's order awarding Jasen Simcox credit for $1050 in nonconforming child support payments that the trial court was convinced by Jasen Simcox's testimony that such payments were intended to satisfy his judicially required child support obligation. We will not disturb the trial court's determination on appeal.

## B. Public School Tuition vs. Private School Tuition

[17]    Amy Likes also contends that the trial court abused its discretion by basing Jasen Simcox's post-secondary education obligation on the cost of a public university rather than the cost of Anderson University, the school where T.S. matriculates.

> Indiana Child Support Guideline 8(b) provides that "[t]he court may limit consideration of college expenses to the cost of state supported colleges and universities or otherwise may require that

the income level of the family and the achievement level of the child be sufficient to justify the expense of private school." In determining whether educational support should be limited to the cost of in-state, state-supported colleges, the trial court should balance "the advantages of the more expensive college in relation to the needs and abilities of the child with the increased hardship of the parent." [*Hinesley-Petry v. Petry*, 894 N.E.2d 277, 281 (Ind. Ct. App. 2008)].

*In re Paternity of Pickett*, 44 N.E.3d 756, 767-68 (Ind. Ct. App. 2015).

[18] In *Pickett*, the trial court heard evidence that the Child chose Butler University because she thought that it offered her a better education and was where she wanted to go. *Id.* at 768. The evidence demonstrated that the Child did not discuss her educational decision-making process with Father but rather simply informed him that she was going to go to Butler. *Id.* The trial court based Father's financial obligation on the cost of Butler rather than a public university. In light of the fact that Father was not included in the Child's decision-making process together with the lack of any evidence suggesting that Butler offered a special curriculum not available at other universities, we concluded on appeal that the trial court's decision to order Father to contribute to Child's college expenses based on the cost of a private university rather than a public university was against the logic and effect of the circumstances before it. *Id.*

[19] Similarly, here, the record indicates that Jasen Simcox was not involved in T.S.'s decision-making process when considering where to attend college. T.S. chose to attend Anderson University because she wanted to play collegiate

soccer. Once at Anderson, she decided to study nursing. T.S. did not present any evidence suggesting that Anderson University offered any special programs that were not offered at other universities or colleges. Considering the facts of the instant matter together with our decision in *Pickett*, we conclude that the trial court did not abuse its discretion in basing Jasen Simcox's financial obligation for T.S.'s post-secondary educational expenses on the cost of a public university rather than the cost of Anderson University.

# Conclusion

[20] In sum, we are bound by the Indiana Supreme Court's decision with regard to the constitutionality of statutory authority allowing a trial court to order a divorced parent to contribute to their child's post-secondary educational expenses. In addition, with respect to Jasen Simcox, the trial court did not abuse its discretion in (1) crediting him for nonconforming child support payments made to Amy Likes or (2) basing his financial obligation for T.S.'s post-secondary education on the cost of a public university rather than a private university.

[21] In this consolidated appeal, the judgments of the trial courts are affirmed.

Najam, J., and Riley, J., concur.