## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 14 2018, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Marriage of Robin L. Rajski and Robert A. Rajski:

State of Indiana,

*Appellant-Intervenor,*

Robin L. Rajski,

*Petitioner,*

v.

Robert A. Rajski,

*Appellee-Respondent.*

May 14, 2018

Court of Appeals Case No.
71A03-1710-DR-2321

Appeal from the
St. Joseph Circuit Court

The Honorable
John E. Broden, Judge
The Honorable
William L. Wilson, Magistrate

Trial Court Cause No.
71C01-1305-DR-273

**Kirsch, Judge.**

[1] The State of Indiana intervened, representing the interests of the State, in the dissolution action between Robin L. Rajski ("Mother") and Robert A. Rajski ("Father"), seeking reimbursement from Father for public assistance funds that Mother had received. The State appeals the trial court's order denying the State's request for reimbursement from Father and contends that the trial court abused its discretion when it denied the request because the State was not reimbursed for the public assistance funds it provided to Mother due to Father's not making child support payments through the clerk's office.

[2] We affirm.

## Facts and Procedural History

[3] On March 31, 2015, the trial court entered findings of fact, conclusions of law, and a decree that dissolved the marriage between Mother and Father. *Appellant's App. Vol. II* at 22-31. The decree established Father's child support obligation at $117 per week and directed Father "to pay all child support through the office of the County Clerk by direct payment." *Id*. at 23-24. Father challenged the child support order in a motion to correct error, and on June 8, 2015, the trial court entered an order that changed his child support obligation to $100 per week. *Id*. at 33.

[4] On December 23, 2016, Father filed a petition to modify child support, and a hearing was held on this motion on January 23, 2017. The State appeared at

the hearing and informed the trial court that Mother had been on TANF[1] between approximately the months of April and September of 2016, and the State wanted to collect the $1,399 she had received in TANF benefits during that time period. *Tr. Vol. 2* at 185. The State advised the trial court that it had not been reimbursed for the benefits because Father had made child support payments directly to Mother and not through the clerk's office, as he had been previously ordered. *Id.*

[5] At the conclusion of the hearing, the trial court found that Father did not owe any arrearage and that his child support obligation should be suspended for the period of time the parties' child lived with Father. *Id.* at 196. Although it determined that Father did not owe any arrearage, the trial court did find "there's definitely money owed to the State." *Id.* at 195. The trial court said it would revisit the issue of money owed to the State on another date, stating, "The Court further preserves an obligation owed to the State of Indiana under Title IV-D of the Social Security Act in the amount of $1,399.00 as of this date." *Id.* at 196-97.

[6] On May 30, 2017, the State filed a petition for reimbursement of State funds, requesting that Father reimburse the State for funds that Mother had received from the beginning of March 2016 until September 2016 under the TANF program. *Appellant's App. Vol. II* at 45. The petition stated that, during this

---

[1] TANF stands for Temporary Assistance for Needy Families.

period of time, Mother also received child support payments directly from Father. *Id*. Father did not begin paying through the clerk's office until November 2016. *Id*. At the July 20, 2017 hearing on the State's petition, the State advised that, when Mother registered for public assistance, she assigned her rights to child support to the State. *Tr. Vol. 2* at 202. The State argued that, under these circumstances, Father's direct payments to Mother should be treated as gifts, and he should bear the burden of reimbursing the State for the money provided to Mother by the State. *Id*.

[7] On July 11, 2017, the trial court issued an order regarding the State's petition for reimbursement and declined to order Father to reimburse the State, reasoning "it would not be fair to *ex post facto* label the payments he made during the relevant time period as a gift." *Appellant's App. Vol. II* at 47. The trial court also declined to order Mother to reimburse the State as Father had argued and stated that it "has not seen evidence sufficient to determine that [Mother] actually misrepresented the support payments to her caseworker when she applied for TANF." *Id*. The trial court concluded that neither Mother nor Father should be required to reimburse the State because "[e]vidence of [Mother's] culpability is absent, and it would be fundamentally unfair to make [Father] pay twice because of his mistake in the form of paying his child support directly to [Mother]. *Id*. at 48. The State now appeals.

## Discussion and Decision

[8] Decisions regarding child support rest within the sound discretion of the trial court. *Taylor v. Taylor*, 42 N.E.3d 981, 986 (Ind. Ct. App. 2015), *trans. denied*. Therefore, we reverse child support determinations only if the trial court abused its discretion or made a determination that is contrary to law. *Id.* An abuse of discretion occurs only when the decision is clearly against the logic and effect of the facts and circumstances before the court, including any reasonable inferences therefrom. *Hooker v. Hooker*, 15 N.E.3d 1103, 1105 (Ind. Ct. App. 2014).

[9] The State argues that the trial court abused its discretion when it denied the State's petition for reimbursement of funds from Father. The State contends that the trial court erred in refusing to order Father to reimburse the State because Mother received twice the amount of child support to which she was entitled due to the fact that Father was paying her directly, and at the same time, Mother was receiving TANF benefits. The State maintains that, although Father's direct payments to Mother substantially complied with the dissolution decree, Mother was required to assign her right to child support to the State, and that requirement was not met when Father failed to pay his child support through the clerk's office. Therefore, the State had not been reimbursed for the public assistance given to Mother.

[10] "Generally, an obligated parent will not be allowed credit for payments not conforming with the support order except in three narrow situations: (1) when the proof offered is sufficient to convince the trier of fact that the judicially

required support payments have actually been made by the obligated party to the person entitled even though the payments are technically nonconforming; (2) the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree; and (3) where the obligated parent by agreement with the custodial parent has taken the children into his or her home, assumed custody of them, provided them with necessities, and has exercised parental control over their activities for such an extended period of time that a permanent change of custody has in effect occurred." *Gill v. Gill*, 72 N.E.3d 945, 949-50 (Ind. Ct. App. 2017), *trans. denied*.

[11] In the present case, Father was ordered in the dissolution decree to "to pay all child support through the office of the County Clerk by direct payment." *Appellant's App. Vol. II* at 23-24. Despite this order, the evidence presented to the trial court established that Father paid child support directly to Mother "in response to her request to be paid directly." *Tr. Vol. 2* at 185, 187. In its order, the trial court declined to order Father to reimburse the State for the TANF benefits that Mother received, reasoning "it would not be fair to *ex post facto* label the payments [Father] made during the relevant time period as a gift," and "it would be fundamentally unfair to make [Father] pay twice because of his mistake in the form of paying his child support directly to [Mother]." *Appellant's App. Vol. II* at 47.

[12] The evidence presented to the trial court showed that, although Father was ordered to pay his child support obligation through the clerk's office, he and Mother agreed to and proceeded to have Father pay his child support obligation

to Mother directly. Indiana courts have recognized credit for technically non-conforming payments of a support obligation where the parties have agreed to and carried out an alternate method of payment which substantially complies with the spirit of the original support decree. *Payson v. Payson*, 442 N.E.2d 1123, 1129 (Ind. Ct. App. 1982). Therefore, Father substantially complied with the child support order. Further, although Mother was required to assign her right to child support to the State when she received TANF benefits, *see* Ind. Code § 12-14-7-1, there was no evidence presented that Father was aware that Mother was receiving TANF payments from the State and that her right to child support had been assigned to the State. Therefore, the evidence showed that Father substantially complied with the child support order when he paid his support obligation directly to Mother, and there was no evidence that he knew that Mother had assigned her right to child support to the State and was knowingly circumventing the State's right to the support. The trial court did not abuse its discretion when it denied the State's petition for reimbursement of State funds from Father.

[13] Affirmed.

Baker, J., and Bradford, J., concur.