Bailey, Judge, dissenting.
[14] I fully agree with my colleagues that "a defendant may be retried for a lesser offense, of which he was convicted at the first trial, after that conviction is reversed on appeal, and this is true even though the first trial also resulted in a verdict of acquittal on a greater offense." Griffin v. State , 717 N.E.2d 73, 78 (Ind. 1999). However, voluntary manslaughter, as a standalone charge, is not a "lesser" offense of murder.[3] Our Indiana Supreme Court has made this clear when, after McWhorter III was decided, the Court issued its opinion in Brantley v. State , 91 N.E.3d 566 (Ind. 2018). The Court addressed the availability of a standalone charge of voluntary manslaughter and the burden of proof in such an action. Our Supreme Court considered "whether voluntary manslaughter may be brought as a standalone charge" by the State and found that it could. Id. at 570-71. Turning to the merits, the Court made three specific observations:
One, sudden heat is a mitigating factor, not an element.... Two, there must be *620 some evidence that a defendant acted in sudden heat before a jury may consider voluntary manslaughter. As such, to the extent the State argues it can concede the existence of sudden heat without evidence of such in the record, we disagree. Three, even when voluntary manslaughter is the lead charge, the State must prove the elements of murder: the knowing or intentional killing of another human being.
Id. at 572. In sum, the crime of voluntary manslaughter does not include a unique element of sudden heat.[4] The crime to be alleged and proven in a standalone charge of voluntary manslaughter is murder, albeit a mitigated murder, i.e., a diminished mens rea. Yet because sudden heat is not an element, voluntary manslaughter is lesser only in the degree of punishment not proof.
[15] As an intermediate appellate court, we are bound to follow Indiana Supreme Court precedent and will not declare its decision to be invalid. Gill v. Gill , 72 N.E.3d 945, 949 (Ind. Ct. App. 2017). The Brantley Court clarified that, "even when voluntary manslaughter is the lead charge, the State must prove the elements of murder." 91 N.E.3d at 572. But when McWhorter was tried on the standalone charge of voluntary manslaughter, he had already been tried for murder. See McWhorter I , McWhorter II , and McWhorter III . Upon that charge, "McWhorter was acquitted of murder[.]" McWhorter III , 993 N.E.2d at 1146. When the State pursued its standalone charge, McWhorter was again required to defend against the elements of murder. This is a classic example of double jeopardy. An explicit acquittal terminates jeopardy on the acquitted charge and does so "notwithstanding any legal error." Evans v. Michigan , 568 U.S. 313, 328, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013). To the extent that McWhorter III and Brantley may be seen as conflicting, we should follow the latter guidance of our supreme court specific to a standalone charge.
[16] Effectively, these decisions suggest that there is a lesser or diminished capacity below knowing and intentional because of the emotional response to a sudden event, i.e., sudden heat. This "sudden heat" arises from provocation which is absent in this case. Yet, given the framework presented to us, "sudden heat" is not an element of murder, rather it is something in addition to murder.
[17] Finally, I observe that the record here is devoid of evidence of "sudden heat" as that has been defined by our Indiana Supreme Court. Sudden heat exists "when a defendant is 'provoked by anger, rage, resentment, or terror, to a degree sufficient to obscure the reason of an ordinary person, prevent deliberation and premeditation, and render the defendant incapable of cool reflection.' " Brantley , 91 N.E.3d at 572 (quoting Isom v. State , 31 N.E.3d 469, 486 (Ind. 2015) ). Here, McWhorter was simply not "provoked." See id.
[18] The prosecutor urged the jury to consider McWhorter's likely perception that the relationship was ending from Deweese's silence in the face of McWhorter's accusations and his stomping of the engagement ring. Clearly, the record indicates that McWhorter was agitated after dwelling upon events that had apparently happened many months earlier, and he may well have been facing the prospect of a breakup. But even if Deweese's affair constituted "sudden heat," the existence of *621 "sudden heat" can be negated by a showing that a sufficient "cooling off period" elapsed between provocation and homicide. Morrison v. State , 588 N.E.2d 527, 531-32 (Ind. Ct. App. 1992). Here, the conduct which Deweese apparently admitted was long past. Too, sudden heat is not shown by anger alone or by mere words. Suprenant v. State , 925 N.E.2d 1280, 1282 (Ind. Ct. App. 2010), trans. denied. In my view, Deweese's mere silence cannot conceivably be considered provocation.
[19] McWhorter admits that he killed a person and that he acted recklessly. For an act of voluntary manslaughter, coupled with enhancements for past conduct, he received a prison sentence of seventy-five years. I would reverse and remand with instructions to enter judgment on criminal recklessness and conduct a new sentencing hearing. On remand, while McWhorter is subject to a lesser sentence for criminal recklessness, this sentence is nevertheless subject to enhancement.[5]

In 2005, when McWhorter killed Deweese, Indiana Code Section 35-42-1-1 defined murder as the knowing or intentional killing of another human being. Indiana Code Section 35-42-1-3 provided that "a person who knowingly or intentionally (1) kills another human being ... while acting under sudden heat commits voluntary manslaughter, a Class B felony. However, the offense is a Class A felony if it is committed by means of a deadly weapon." Subsection (b) stated: "The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder under section 1(1) of this chapter to voluntary manslaughter."
Pursuant to Indiana Code Section 35-42-1-5, a person committed reckless homicide when he recklessly killed another human being.

I acknowledge that our supreme court has previously described voluntary manslaughter as an inherently included lesser offense of murder, with a distinguishing element of sudden heat. See Washington v. State , 808 N.E.2d 617, 625 (Ind. 2004).

McWhorter does not contest the jury's determination that he is a habitual offender.